REDMANN, Chief Judge.
Plaintiff appeals from the maintaining of an exception of prematurity to its suit on a written contract of compromise. The exception argued that an unwritten suspen-sive condition, provable by parol evidence, was not fulfilled and therefore the suit was premature.
We reverse. Although parol may be admitted to prove a non-integrated side-agreement, or to show fraud or mutual mistake, nonfulfillment of a suspensive condition may not be the basis for the dilatory exception ground of prematurity.
If indeed the contract must be reformed, on the basis of parol, to contradict its terms because of mutual mistake, and it therefore should contain the suspensive condition alleged, then the suit would be premature in the sense of La.C.C.P. 423, but not for purposes of the dilatory excep *1078 tion, C.C.P. 926. Article 423’s Comment (b), 2d para., explains:
“If the obligation is dependent upon the suspensive condition, the right to enforce it does not come into existence until the occurrence or the performance of the condition, which may never happen; therefore, under the 1870 Code this objection was raised through an exception of no cause of action. H.B. Claflin Co. v. Feibleman [44 La.Ann. 518, 10 So. 862 (1892)]; Halbert v. Klauer Mfg. Co., [181 So. 75 (La.App. 2 Cir.1938) ]. Under this [1960] Code, this type of prematurity may be raised through the peremptory exception.”
Halbert, 181 So. at 79, further explains:
“The plea of prematurity urged by defendant is not dilatory in nature and governed by the quoted codal provision. Dilatory exceptions are such as do not tend to defeat the action but only to retard its progress_ Defendant’s objection purposes to destroy or defeat the instant action because of the nonoccurrence of the event on which the suspensive condition in question hinges. The matter of retarding its progress is not involved.
“... If ... the obligation depends upon the happening of an uncertain event, and objection is urged to its enforcement or execution because of the nonoccurrence of that event, the resulting issue of prematurity properly belongs to the merits of the case.”
Reversed at defendants’ cost.