454 So.2d 1128 (1984)
David F. PYBURN
v.
WALLE CORPORATION.
No. CA-1717.
Court of Appeal of Louisiana, Fourth Circuit.
July 3, 1984.
Rehearing Denied September 27, 1984.
Guy Wootan, Lee R. Miller, Jr., New Orleans, for appellant.
Sessions, Fishman, Rosenson, Boisfontaine & Nathan, Robert A. Redwine, New Orleans, for appellee.
Before GULOTTA, SCHOTT and WILLIAMS, JJ.
GULOTTA, Judge.
David F. Pyburn filed this suit against defendant for principal and interest due on a demand note. The claim was met with a dilatory exception of prematurity based on the grounds that Pyburn had agreed that his rights under the promissory note would be subordinated to the rights of Jefferson Bank and Trust Company under a separate loan agreement with the defendant, Walle Corporation, and that Pyburn's action on the note was therefore premature because the defendant had not yet repaid the bank.
In support of the dilatory exception, defendant filed a copy of the "Subordination Agreement" between Pyburn and the *1129 Bank, and an affidavit of Walle Corporation's president stating that the loan from Jefferson Bank to Walle had not yet been repaid. In a memorandum opposing the exception, Pyburn contended the affidavit and subordination agreement were foreign to the note, and that defendant's arguments were properly the subject of a trial on the merits instead of a dilatory exception.
Relying on the affidavit of defendant's president, the trial judge maintained the exception, concluding that plaintiff's suit to recover under the subordinated note was premature until defendant satisfied its debt to Jefferson Bank.[1] In written reasons incorporated into his judgment, the trial judge noted that Pyburn had offered no evidence to contradict the "facts" that had been "established" by the affidavit.
At the outset, we agree with defendant's contention that the dilatory exception of prematurity in this case is the proper procedure for determining whether payment on the note is suspended until payment of Walle's loan to Jefferson Bank is fulfilled.
Our jurisprudence makes a procedural distinction between two types of "prematurity" in cases involving suspensive conditions to contractural obligations. If the obligation sought to be enforced is in existence and certain, but the right to enforce it has not yet accrued because of the non-occurrence of some act or event upon which enforcement is conditioned, the objection of prematurity to a suit on this obligation may be raised by a dilatory exception. On the other hand, if the obligation itself has not yet come into existence because of the non-occurrence of a suspensive condition on which its creation depends, the resulting issue of prematurity properly belongs to the merits of the case. Pringle Associated Mortgage Corporation v. Eanes, 211 So.2d 399 (La.App. 1st Cir. 1968); Halbert v. Klauer Mfg. Co., 181 So. 75 (La.App. 2nd Cir.1938).
The instant case involves a claim of the first type of prematurity, which may be attacked by a dilatory exception. This suit is brought on a demand promissory note in existence. Defendant merely claims that plaintiff's right to enforce the note has not yet matured because the suspensive condition of full payment by Walle Corporation of its debt to Jefferson Bank has not yet occurred. The existence of the obligation itself, as evidenced by the signed note, does not depend on the occurrence of a suspensive condition; only plaintiff's existing right to enforce it is at issue. Accordingly, we conclude the exception of prematurity is the proper remedy to seek in this case.
In so holding, we distinguish Gammon Enterprises, Inc. v. Vanguard Investment, Inc., 449 So.2d 1077 (La.App. 4th Cir.1984), relied on by Pyburn. In Gammon, citing Halbert v. Klauer Mfg. Co., supra, we simply reiterated the rule of law that an issue of prematurity properly belongs to the merits of the case where the creation of the obligation depends on the happening of an uncertain event. In Gammon, we were not confronted, as in the instant case, with an existing obligation that allegedly cannot be enforced because *1130 of the non-occurrence of a suspensive condition. Our case is more akin to Pringle Associated Corporation v. Eanes, supra, where the promissory note sued on is in existence, but the debtor objects to its collection based on the non-fulfillment of a suspensive condition to its enforcement. Under these circumstances, the debtor's objection is properly raised through the dilatory exception of prematurity.
Nonetheless, despite our conclusion, we hold the trial judge erred in maintaining the exception in the instant case based upon defendant's affidavit.
LSA-C.C.P. Art. 930 provides, in pertinent part:
"On the trial of the dilatory exception, evidence may be introduced to support or controvert any of the objections pleaded, when the grounds thereof do not appear from the petition."
The word "evidence", as used in this article, has been interpreted to mean "competent legal evidence", which does not include hearsay evidence. At a trial of an exception of prematurity, therefore, affidavit evidence is inadmissible. Board of Com'rs v. Louisiana Com'n on Ethics, 416 So.2d 231 (La.App. 1st Cir.1982).
In the case now before us, the trial judge heard no sworn, live testimony, and did not formally admit any documents into evidence in support of defendant's exception. When the objectionable affidavit and the attached copy of the subordination agreement are eliminated, there remains no substantial evidence upon which to maintain the exception of prematurity. Serious questions in this case concerning contract interpretation and parol evidence can only be decided at a proper evidentiary hearing.
Accordingly, we reverse and set aside the trial court's judgment. The matter is remanded to the trial court for an evidentiary hearing on the exception of prematurity; assessment of costs to await termination of the litigation.
REVERSED AND SET ASIDE;
REMANDED.
NOTES
[1] The subordination agreement between Pyburn and Jefferson Bank reads as follows in part:

"WHEREAS Walle Corporation is indebted unto Cecil M. Keeney and David Pyburn in the sum of Three hundred twenty-eight thousand two hundred ninety-one dollars ($328,291.00) as evidenced by certain promissory notes, as per the May 31, 1982 Year End Statement,
and whereas Walle Corporation has applied for a loan or loans from Jefferson Bank and Trust Company totaling Three hundred thousand dollars ($300,000.00).
Now, therefore in consideration for the loan or loans to Walle Corporation by Jefferson Bank and Trust Company in the sum of Three hundred thousand dollars ($300,000.00), the said Cecil M. Keeney and David Pyburn do hereby subordinate the indebtedness of Walle Corporation in the sum of Three hundred twenty-eight thousand two hundred ninety-one dollars ($328,291.00) owed to them to balance loan or loans from Jefferson Bank and Trust Company to Walle Corporation in the sum of Three hundred thousand dollars ($300,000.00).
The said Cecil M. Keeney and David Pyburn do further agree that payments due on the indebtedness of Walle Corporation to them shall not exceed twenty percent (20%) of Three hundred twenty-eight two hundred ninety-one dollars ($328,921.00) per year plus interest."