CIACCIO, Judge.
We granted certiorari to review the district court’s judgment sustaining an exception of improper venue and transferring the case to Lafayette Parish. We now reverse that judgment and overrule the exception.
An action against joint or solidary obli-gors may be brought in any parish of proper venue, under Article 42, as to any obli-gor who is made a defendant. La.C.C.P. Art. 73. The general rules of venue provided in Article 42 are subject to the exceptions provided in Articles 71 through 85 and otherwise provided by law. La.C.C.P. Art. 43. An action for the recovery of damages for an offense or quasi offense may be brought in the parish where the wrongful conduct occurred, or in the parish where the damages were sustained. La.C. C.P. Art. 74.
An action against joint or solidary obli-gors, made co-defendants, for the recovery of damages for an offense or quasi offense may be brought in the parish where the wrongful conduct occurred, or where the damages were sustained, and venue will be *152 proper as to all defendants. La.C.C.P. Arts. 73, 43, and 74.
The objection of improper venue is raised by the declinatory exception. La. C.C.P. Art. 925. At the trial of the declina-tory exception, evidence may be introduced to support or controvert any of the objections pleaded, when the grounds thereof do not appear from the petition, the citation, or return thereon. La.C.C.P. Art. 930. If grounds for an objection of improper venue do not appear on the face of plaintiff’s petition, the burden is on defendant to offer evidence in support of his position. Cf. Morrison v. H.B. Mitchell Const. Co., 369 So.2d 1102 (La.App. 1st Cir.1979) and Bowman v. Weill Const. Co., 502 So.2d 133 (La.App. 3d Cir.1987). When no evidence is introduced at the trial of the exception the court is restricted to the allegations of the petition, which for purposes of the exception are to be accepted as true. State ex rel. Brenner v. Noe, 186 La. 102, 171 So. 708 (1936); Morrison v. H.B. Mitchell Const. Co., supra; Rose Hill Baptist Church v. Jones; 425 So.2d 348 (La.App. 3d Cir.1982); Bowman v. Weill Const. Co., supra.
No evidence was introduced at the trial of the exception. Plaintiffs petition alleges that she appears individually and as representative of the estate of her son. Made defendants are Charity Hospital of Louisiana at New Orleans and University Medical Center in Lafayette and various physicians and medical personnel who treated plaintiffs son at either facility, and three physicians who reside in Lafayette. The petition alleges the joint and solidary liability of defendants.
The petition alleges facts to support that in Lafayette defendants rendered inappropriate and damaging treatment and care to plaintiffs son. That plaintiffs son was transferred to Charity Hospital in New Orleans. And that in New Orleans defendants rendered inappropriate and damaging treatment and care resulting ultimately in the death of plaintiffs son in New Orleans.
Accepting the allegations of the petition as true for purposes of the exception, plaintiffs petition brings an action against joint or solidary obligors, made co-defendants, for the recovery of damages for offenses or quasi-offenses. The petition alleges that wrongful conduct occurred and that damages were sustained in New Orleans. Orleans Parish venue is proper as to defendants alleged to have caused damages in New Orleans, which under the venue articles cited above makes Orleans Parish venue proper as to all co-defendants alleged to be jointly or solidarily liable.
Accordingly, we find that the trial court erred by sustaining defendants’ exception of improper venue. We reverse that judgment, and overrule the exception. This matter is remanded to the district court for further proceedings.
JUDGMENT REVERSED, EXCEPTION OVERRULED, AND REMANDED.