702 So.2d 690 (1997)
Donna Baugh FARRAR and George Farrar
v.
Stephen H. HAEDICKE, as Natural Tutor of his Minor Son, Cameron V. Haedicke and Commercial Union Insurance Company.
No. 97-C-2923
Supreme Court of Louisiana.
December 2, 1997.
Rehearing Denied December 4, 1997.
PER CURIAM.[*]
The application is granted.
After plaintiff-wife was injured in an automobile accident in Ouachita Parish, she and her husband filed suit in Union Parish against the alleged tortfeasor, a resident of Ouachita Parish, and the tortfeasor's liability insurer. Defendants filed an exception of improper venue. Plaintiffs then joined their uninsured motorist carrier by supplemental *691 petition, but did not allege that the tortfeasor was underinsured.
At the hearing on the venue exception, defendants contended that plaintiffs joined their uninsured motorist carrier solely for the purpose of making venue proper in Union Parish under La. Code Civ.Proc. art. 73. Defendants argued that the tortfeasor's liability insurer had policy limits of $1,500,000 and that plaintiffs acted in bad faith in joining the uninsured carrier, who had policy limits of $10,000. The trial court overruled the exception.
The court of appeal, considering the issue in an expedited appeal, ruled that Union Parish was a parish of proper venue under La. Code Civ.Proc. arts. 73 and 76. The court focused on whether Union Parish was plaintiff-wife's domicile at the critical time, since the parties had lived separately for some period before reconciling. The court commented in passing only that "[t]he argument of the exceptors that plaintiffs joined [their uninsured motorist carrier] for the sole purpose of establishing venue in Union Parish is premature at this juncture."
The question of whether plaintiffs were in bad faith in joining their uninsured motorist carrier is one that should be decided, prior to trial, at the time of the contradictory hearing on the exception of improper venue. If the joinder of the uninsured motorist carrier was in bad faith and that joinder is the only basis for venue in the parish of the plaintiff's domicile, then the trial court should maintain the exception of improper venue. Any error in ruling on the exception cannot be corrected, as a practical matter, on appeal after trial on the merits. The court of appeal erred in treating the venue issue as premature.
Accordingly, the judgment of the trial court overruling the exception of improper venue is set aside, and the case is remanded to the trial court to conduct a contradictory hearing on whether plaintiffs joined their uninsured motorist carrier in bad faith solely for the purpose of obtaining venue in Union Parish, and to rule anew on the exception of improper venue. The trial court is further ordered to upset the trial date of December 8, 1997 and not to reset the case for trial until the exception has been ruled upon and the parties have had an opportunity to seek supervisory review of that ruling.
CALOGERO, C.J., votes to deny the writ.
NOTES
[*] Kimball, J., not on panel. Rule IV, Part 2, § 3.