906 So.2d 674 (2005)
MICHAEL F. SMITH, CPA, a Professional Accounting Corporation
v.
Betty R. ALFORD.
No. 2004 CA 0586.
Court of Appeal of Louisiana, First Circuit.
March 24, 2005.
*675 Phillip K. Wallace, Mandeville, for Plaintiff/Appellant, Michael F. Smith, CPA, A Professional Accounting Corporation.
Margaret H. Kern, Covington, for Defendant/Appellee, Betty R. Alford.
Before: WHIPPLE, DOWNING and HUGHES, JJ.
WHIPPLE, J.
This is an appeal from a judgment of the Twenty-second Judicial District Court in St. Tammany Parish. Plaintiff, Michael F. Smith, A Professional Accounting Corporation ("Smith Corporation") filed suit for injunctive relief and damages for an alleged breach of an employment contract by defendant, Betty Alford.
In response to the petition, Alford filed a declinatory exception raising the objection of improper venue. In support of her exception, Alford contended that she was a resident of Tangipahoa Parish, that the contract was executed in Tangipahoa Parish and that the work she performed for Smith Corporation was performed exclusively in Tangipahoa Parish. Accordingly, she contended that venue was not proper in St. Tammany Parish.
Following a hearing on the exception, the trial court found that the contract had been executed in Tangipahoa Parish and that the services under the contract had also been performed in that parish. Thus, the trial court ruled that St. Tammany Parish was not a proper venue. In accordance with these findings, the trial rendered judgment, maintaining the exception of improper venue and transferring the matter to the Twenty-first Judicial District Court in Tangipahoa Parish. From this judgment, Smith Corporation appeals.

DISCUSSION
The general rules of venue are set forth in LSA-C.C.P. art. 42, which provides in pertinent part that an action against an individual who is domiciled in the state shall be brought in the parish of her residence. LSA-C.C.P. art. 42(1). The parish of Alford's residence is undisputedly Tangipahoa Parish. Smith Corporation challenges the ruling in favor of the venue exception, citing LSA-C.C.P. art. 76.1, one of the supplementary venue provisions.[1]
Article 76.1 provides that an action on a contract may be brought in the parish where the contract was executed or the parish where any work or service was performed or was to be performed under the terms of the contract. A contract may be executed in more than one parish. Jordan v. Central Louisiana Electric Co., Inc., 95-1270, p. 1 (La.6/23/95), 656 So.2d *676 988, 989. In its petition, Smith Corporation alleged that venue was proper in St. Tammany Parish pursuant to LSA-C.C.P. art. 76.1, because Alford and Michael Smith had executed the employment contract in St. Tammany Parish.
If the grounds for an objection of improper venue do not appear on the face of the plaintiff's petition, the burden is on the defendant to offer evidence in support of her position. Jewell v. Dudley L. Moore Insurance Co., 95-2453, pp. 3-4 (La.App. 1st Cir.6/28/96), 676 So.2d 223, 225, writ denied, 96-2015 (La.11/8/96), 683 So.2d 273. In carrying her burden, Alford testified at the hearing on the exception that she resided in Tangipahoa Parish; that, contrary to the allegations of the petition, all parties had executed the contract in Tangipahoa Parish; and that she performed all work pursuant to the contract in Tangipahoa Parish. Smith Corporation offered no evidence at the hearing to rebut this testimony.
Rather, counsel for Smith Corporation argued that the affidavit of Michael Smith, attached to Smith Corporation's opposition to the exception, demonstrated that, while Alford signed the contract in Tangipahoa Parish, Smith had in fact signed it on behalf of Smith Corporation in St. Tammany Parish and that Alford performed work pursuant to the contract in both Tangipahoa and St. Tammany Parishes. Thus, counsel argued that St. Tammany Parish was a proper venue pursuant to LSA-C.C.P. art. 76.1
However, we note that Smith Corporation's reliance on an affidavit, which was never offered or accepted into evidence at the hearing, is improper. The objection of improper venue is raised by the declinatory exception. LSA-C.C.P. art. 925. On the trial of the declinatory exception, "evidence" may be introduced to support or controvert any of the objections pleaded, when the grounds thereof do not appear from the petition, the citation, or return thereon. LSA-C.C.P. art. 930. This court has interpreted the word "evidence" in LSA-C.C.P. art. 930 to mean competent legal evidence. A sworn affidavit is hearsay and is not competent evidence unless its use is specifically authorized by statute. Board of Commissioners of Port of New Orleans v. Louisiana Commission on Ethics for Public Employees, 416 So.2d 231, 238 (La.App. 1st Cir.), writ denied, 421 So.2d 248 (La.1982); see also Pyburn v. Walle Corporation, 454 So.2d 1128, 1130 (La.App. 4th Cir.1984). Accordingly, the affidavit, even if it had been formally offered at the hearing, would not have constituted admissible evidence.[2]
Accordingly, we find no error in the trial court's ruling finding that venue in St. Tammany Parish is improper and transferring this matter to the Twenty-first Judicial District Court in Tangipahoa Parish. Thus, in accordance with Uniform Rules  Courts of Appeal, Rule 2-16.1(B), the judgment is affirmed. Costs of this appeal are assessed against plaintiff, Michael F. Smith, CPA, a Professional Accounting Corporation.
AFFIRMED.
NOTES
[1] Supplementary venue provisions are contained in LSA-C.C.P. arts. 71-85, and the plaintiff may choose any venue available under LSA-C.C.P. art. 42 or any other supplementary venue provided by law that fits the particular circumstances of their claims. Cacamo v. Liberty Mutual Fire Insurance Company, 99-3479, p. 5 (La.6/30/00), 764 So.2d 41, 44.
[2] It is unclear from the record whether the trial court actually considered the affidavit in rendering its judgment. However, we note that even if the affidavit was or could have properly been considered, it would have simply raised a conflict in the testimony requiring a credibility determination. And it is clear from the record that the trial court credited the testimony of Alford in finding that venue was improper in St. Tammany Parish.