926 So.2d 576 (2006)
PREMIER DODGE, L.L.C.
v.
Timothy PERRILLOUX, Perrilloux's Towing, The City of New Orleans, Department of Police, and the St. Tammany Parish Sheriff's Office.
No. 2005-CA-0554.
Court of Appeal of Louisiana, Fourth Circuit.
January 25, 2006.
Warren Horn, Joy Lyu Monahan, Clayton T. Hufft, Heller Draper Hayden Patrick & Horn, L.L.C., New Orleans, LA, for Plaintiff/Appellant.
Charles M. Hughes, Jr., Gary L. Hanes, Talley Anthony Hughes & Knight, L.L.C., Mandeville, LA, for Defendant/Appellee.
(Court composed of Judge CHARLES R. JONES, Judge DENNIS R. BAGNERIS SR., Judge EDWIN A. LOMBARD).
EDWIN A. LOMBARD, Judge.
Premier Dodge, LLC, PlaintiffAppellant, appeals the trial court's grant of the Exception of Improper Venue filed by the Defendant/Appellee, Rodney J. Strain, Jr., in his official capacity as Sheriff of St. Tammany Parish, State of Louisiana. For the reasons below, we reverse and remand to the trial court.

FACTS AND PROCEDURAL HISTORY
On November 15, 2002, an employee of the Plaintiff was in possession of one of the Plaintiff's vehicles. On that evening, the employee discovered that the vehicle was missing and reported it to the 7th District of the New Orleans Police Department. The vehicle was recovered three days after it was stolen and impounded by the St. Tammany Sheriff's Office. The Plaintiff was not notified and did not learn of the whereabouts of the vehicle until six months *577 later. By the time the Plaintiff did learn that the vehicle was in the custody of the St. Tammany Sheriff's office, title to the vehicle had been transferred to Defendant Perrilloux's Towing Company and the property sold. The Plaintiff attempted to recover the proceeds of the sale unsuccessfully.
Premier Dodge filed suit against the New Orleans Police Department, the St. Tammany Parish Sheriff's Office, Timothy Perrilloux and Perrilloux's Towing Company for damages stemming from the recovery, storage and sale of the vehicle. Premier Dodge alleged that the cause of action occurred in Orleans Parish and that the defendants were jointly and severally liable.
The St. Tammany Sheriff, Rodney J. Strain, Jr., in his official capacity, filed a Declinatory Exception of Improper Venue alleging that he can only be sued in St. Tammany Parish because the Sheriff's Office is a political subdivision. The trial court agreed and granted the Exception without reasons. Premier Dodge appeals that decision alleging that because there are two political subdivisions being sued, ancillary venue controls and Orleans Parish is a proper venue for the instant suit.

STANDARD OF REVIEW
On appeal, the parties disagree on the standard of review. The appellant argues that this court should review the grant of the Exception of Venue de novo. The appellee, however, argues that the court should review the matter under the clear abuse of discretion standard as used in cases determining motions for change of venue. The instant case does not involve a Motion for Change of Venue and instead involves an Exception of Improper Venue. Therefore, we will review the facts of this case under the de novo standard of review. Crawford v. Blue Cross and Blue Shield of Louisiana, 2000-2026, (La.App. 4 Cir., 12/5/01), 814 So.2d 574, 577. In Crawford, this court determined that venue is a question of law and where the record is complete the court should conduct a de novo review. Id at 577 (citing Bloomer v. Louisiana Workers' Compensation Corp., 99-0707, (La.App. 1 Cir. 5/12/00), 767 So.2d 712, 714).

VENUE
According to Louisiana Revised Statute 13:5104(B), venue against a political subdivision is proper before the district court where the political subdivision is located or where the cause of action arose. The parties do not dispute that the St. Tammany Sheriff is a political subdivision. Therefore, he clearly falls within the purview of R.S. 13:5104. However, the instant case involves two political subdivisions both of whom fall under R.S. 13:5104. Therefore, the appellant asserts that the concept of ancillary venue should apply.
Ancillary venue applies when there is no common venue for all of the defendants, but there is a common set of facts. Underwood v. Lane Memorial Hosp., 1997-1997 (La.7/8/98) 714 So.2d 715, 719. According to the Louisiana Supreme Court in Underwood, ancillary venue provides judicial economy and efficiency, "even though venue is not proper technically for one claim or one party." Id.
The appellee claims that venue in Orleans Parish is proper for the New Orleans Police Department, but is not proper for the Sheriff of St. Tammany. The appellee then goes on to say that the parties should be sued in one jurisdiction, but that that jurisdiction is St. Tammany Parish. Therefore, the parties do not disagree that one of the defendants would be subject to ancillary jurisdiction or that both political subdivisions should be sued in the same *578 locale. They simply disagree which court should be allowed to exercise jurisdiction.
The Plaintiff has chosen Orleans Parish in which to file its lawsuit. Venue is proper in Orleans Parish under the current jurisprudence. Therefore, the trial court erred when it granted the Defendant's Exception of Venue.

CONCLUSION
We find under a de novo review of the record that the trial court erred when it granted the appellee's Declinatory Exception of Improper Venue. Ancillary venue applies and venue is proper in Orleans Parish. Therefore, we reverse and remand this matter for further proceedings consistent with this ruling.
REVERSED.