DAVID S. GORBATY, Judge.
h Relators, the Gray Insurance Company (“GIC”), Brent Trauth (“Mr. Trauth”), and Preheat, Inc., seek supervisory review of the trial court’s judgment denying their exceptions of improper venue and prescription, and a motion for summary judgment filed by co-defendant, Progressive Security Insurance Company (“Progressive”).[1] For the reasons set forth below, we grant the writ as to the exception of improper venue, and remand for further proceedings.
FACTS AND PROCEDURAL HISTORY:
Plaintiff, Jennifer Gray (“Ms. Gray”), filed suit in the Civil District Court for the Parish of Orleans for injuries allegedly sustained in an automobile accident, which occurred in Jefferson Parish on January 7, 2005. The petition alleges the joint and solidary liability of Mr. Trauth, the driver of the other vehicle, Preheat, Inc., Mr. Trauth’s employer and owner of the vehicle, GIC, the liability insurer of the vehicle, and Progressive, Ms. Gray’s uninsured motorist (“UM”) carrier.
12Progressive filed a motion for summary judgment arguing that there were no genuine issues of material fact that the value of Ms. Gray’s damages would not exceed the $4,000,000.00 liability coverage provided by GIC, which the trial court denied.
Relators filed, simultaneously with their answer, an exception of venue alleging that Ms. Gray named her UM carrier in bad faith for the purpose of creating venue in Orleans Parish, Ms. Gray’s domicile. The exception maintains that the accident occurred in Jefferson Parish, Mr. Trauth was domiciled in Plaquemines Parish, Preheat, Inc. was a Louisiana corporation with its registered office in Lafayette Parish, and GIC was a domestic insurer domiciled in Jefferson Parish.
Additionally, relators filed an exception of prescription pursuant to La. Civ.Code art. 3462, which provides, in part, that “[i]f action is commenced in an incompetent court, or in an improper venue, prescription is interrupted only as to a defendant served by process within the prescriptive period.” The record reflects that the accident occurred on January 7, 2005, and the defendants were served on or after January 26, 2007.
All matters were heard on September 21, 2007. In a judgment rendered November 15, 2007, the trial court denied Progressive’s motion for summary judgment finding that the amount of damages had not been sufficiently established, making it premature to grant summary judgment at that time. The trial court also denied relators’ exception of prescription, stating that the issue was moot in light of the denial of summary judgment. The judgment and reasons for judgment do not address the exception of venue. Relators note in their brief to this Court that they have contacted the trial court regarding a ruling on the exception of venue, but have not yet received a response.
I «DISCUSSION;
In the present case, the trial court determined that summary judgment was premature. As stated previously, a review of that judgment has not been sought by Progressive. Therefore, the judgment stands.

*1051
Exceptions of Prescription and Improper Venue:

Louisiana Code of Civil Procedure art. 76 provides, in pertinent part, “An action on a health and accident insurance policy may be brought in the parish where the insured is domiciled, or in the parish where the accident or illness occurred.” The relevant portion of La.Code Civ. Proc. art. 73(A) states, “An action against joint or solidary obligors may be brought ... in the parish where the plaintiff is domiciled if the parish of plaintiffs domicile would be a parish of proper venue against any defendant under ... Article 76.... ”
Clearly, when Ms. Gray filed her petition for damages, alleging solidary liability among her UM carrier and the other defendants, venue was proper in Orleans, the parish of her domicile, pursuant to articles 73 and 76. However, the exception of prescription in this case is based on La. C.C. art. 3462, and the assertion that venue is improper is based on the allegation that Ms. Gray named her UM carrier in bad faith in order to create proper venue in Orleans Parish. A problem arises here because the trial court determined that the denial of summary judgment rendered the exception of prescription moot, but did not make a factual determination regarding bad faith, and did not specifically rule on the exception of venue that was before the court.
It can be argued that implicit in the trial court’s denial of summary judgment, is the finding that Ms. Gray was not in bad faith in naming her UM carrier. From a review of the record, it does not appear that such a finding would be clearly wrong. The record reflects that Ms. Gray named her UM carrier as a defendant in the original petition (not in response to the exception of improper | ¿venue) at a time when, as she claims, GIC had not disclosed its policy limits. There is nothing in the record showing bad faith on the part of Ms. Gray.
However, before the trial court can make a determination on the issue of prescription it must rule on the exception of improper venue. Therefore, the trial court’s declaration that the exception of prescription was rendered moot by its ruling on the motion for summary judgment was improper. A judgment must be rendered on the exception of venue, after a contradictory hearing, before the court rules on the exception of prescription.
In Haines v. Millet, 2006-0289, p. 1 (La.5/26/06), 950 So.2d 678, the. Louisiana Supreme Court remanded under similar circumstances, stating: “we cannot determine whether the trial court made a specific finding on whether plaintiff named his uninsured motorist carrier in bad faith solely for the purpose of obtaining venue in Orleans Parish. Accordingly, the case is remanded to the trial court to conduct a contradictory hearing on this issue and rule anew on the exception of improper venue. See Farrar v. Haedicke, 97-2923 (La.12/2/97), 702 So.2d 690.”
In Farrar, at the hearing on the venue exception, defendants contended that plaintiffs joined their uninsured motorist carrier solely for the purpose of making venue proper in the parish of plaintiffs’ domicile. Defendants argued that the tortfeasor’s liability insurer had policy limits of $1,500,000.00 and that plaintiffs acted in bad faith in joining the uninsured carrier. The trial court overruled the exception of venue. The Second Circuit Court reversed, finding that Union Parish (plaintiffs’ domicile) was a parish of proper venue under La. C.C.P. articles 73 and 76. The Louisiana Supreme Court remanded to the trial court to conduct a contradictory hearing on whether plaintiffs joined their uninsured motorist carrier in bad faith solely for the purpose of obtaining *1052 venue in Union Parish, and to rule anew on the exception of improper venue. The Court determined that the question |5of whether plaintiffs were in bad faith in joining their uninsured motorist carrier is one that should be decided, prior to trial, at the time of the contradictory hearing on the exception of improper venue.
CONCLUSION:
Thus, we grant relators’ writ and remand to the trial court for it to make a factual determination regarding bad faith as it relates to the issue of venue, and render a judgment on the exception of improper venue; only then can the exception of prescription be considered.
WRIT GRANTED; REMANDED.
TOBIAS, J., concurs and assigns reasons.

. Progressive has not taken a writ from the trial court's judgment, and relators do not have standing to seek review of a judgment rendered against a co-defendant. We find Michelet v. Scheuring Security Services, Inc., 95-2196 (La.App. 4 Cir. 9/4/96), 680 So.2d 140, to be inapposite. However, because the issues are related, we will discuss the motion for summary judgment.