Judge Terri F. Love
| jThis instant application for supervisory review arises from injuries and damages suffered from a car accident. Plaintiff filed suit in Orleans Parish. Defendants filed an exception of improper venue. Plaintiff then amended her petition to add two additional defendants. Defendants contended that plaintiff fraudulently added a defendant to achieve proper venue status. Defendants also asserted that plaintiff sued her uninsured motorist carrier in bad faith. The trial court denied the exception and found that defendants failed to prove that the defendant was fraudulently added. Defendants sought supervisory review with this Court.
This Court originally denied writs. The Louisiana Supreme Court then granted writs and remanded the matter for briefing, argument, and opinion. After briefing and oral argument, we find that the trial court did not err by denying defendants’ exception of improper venue. Defendants failed to meet their burden of proving the defendant company owner was fraudulently added. Discussion as to other possible proper bases for venue is pretermitted.[1] As such, the writ is denied and the judgment of the trial court is affirmed.
[ 9FACTUAL BACKGROUND AND PROCEDURAL HISTORY
Phyllis Matthews, an Orleans Parish domiciliary,[2] was involved in a vehicular accident with Dan Robert in Jefferson Parish. Mr. Robert, a Jefferson Parish domiciliary, was driving a vehicle owned by his employer, Doctor Pipe, Inc. (“Doctor Pipe”). Doctor Pipe is domiciled in St. Charles Parish and has its principal place of business in Jefferson Parish. Ms. Matthews filed a Petition for Damages in Orleans Parish against Doctor Pipe, United Fire and Casualty Insurance Company (“United”), Doctor Pipe’s insurer, and Mr. Robert (collectively “Defendants”). United is not incorporated in Louisiana, but has an East Baton Rouge Parish domicile for venue purposes.
The Defendants filed an exception of improper venue contending that Orleans Parish was not the proper parish in which to bring suit. Ms. Matthews then filed her first Amended and Supplemental Petition, which added Steven Chambers, the owner of Doctor Pipe; and Liberty Mutual Insurance Company (“Liberty”), her uninsured motorist and medical pay insurer; as additional defendants. Mr. Chambers undisput-edly resides in Orleans Parish.
*505 The trial court denied the Defendants’ exception of improper venue. The Defendants sought supervisory review. This Court denied writs, finding that venue was proper in Orleans Parish. Matthews v. United Fire & Casualty Ins. Co., 16-0389 (La. App. 4 Cir. 06/09/16). The Defendants then sought review from the Louisiana Supreme Court. The Supreme Court granted writs and remanded the matter for “briefing, argument, and opinion.” Matthews v. United Fire & Casualty Ins. Co., 16-1303 (La. 11/02/16), 206 So.3d 211.

STANDARD OF REVIEW

Exceptions of improper venue are reviewed using the de novo standard of review, as venue is a question of law. Premier Dodge, L.L.C. v. Perrilloux, 05-0554, p. 2 (La.App. 4 Cir. 1/25/06), 926 So.2d 576, 577.
Any factual determinations made by the trial court will be reviewed with the manifest error/clearly wrong standard. Brewer v. J.B. Hunt Transp., Inc., 09-1408, 09-1428, p. 9 (La. 3/16/10), 35 So.3d 230, 237. “If the factual findings are reasonable in light of the record reviewed in its entirety, a reviewing court may not reverse even though convinced that had it been sitting as the trier of fact, it would have weighed the evidence differently.” Id., 09-1408, 09-1428, pp. 12-13, 35 So.3d at 239. “Where there are two permissible views of the evidence, the factfinder’s choice between them cannot be manifestly erroneous.” Id., 09-1408, 09-1428, p. 13, 35 So.3d at 239.

VENUE

“Venue means the parish where an action or proceeding may properly be brought and tried under the rules regulating the subject.” La. C.C.P. art. 41. La. C.C.P. art. 42, the general venue provisions, “essentially provides for venue at the ‘home base’ of the entity sued.” Underwood v. Lane Mem’l Hosp., 97-1997, p. 4 (La. 7/8/98), 714 So.2d 715, 717. “Under the general rules of venue án action against an individual domiciled in the state shall be brought in the parish of his domicile, an action against a domestic corporation shall be brought in the parish where its registered office is located, and an action against a foreign insurer shall be brought in the parish of East Baton Rouge.” Kellis v. Farber, 523 So.2d 843, 845 (La. 1988). “An action on a health and accident insurance policy may be brought in the parish where the insured is domiciled, or in the parish where the accident or illness occurred.” La. C.C.P. art. 76.
“Evidence may be introduced to support or controvert the declinatory exception of improper venue, when the grounds thereof do not appear from the petition, the citation or return thereon.” M & M Gaming, Inc. v. Storey, 01-0545, p. 3 (La.App. 4 Cir. 5/30/01), 788 So.2d 1230, 1232. See also La. C.C.P. art. 930. “If grounds for an objection of improper venue do not appear on the face of plaintiffs petition, the burden is on defendant to offer evidence in support of his position,” Vital v. State, 522 So.2d 151, 152 (La. App. 4th Cir. 1988). “When no evidence is introduced at the trial of the exception the court is restricted to the allegations of the petition, which for purposes of the exception are to be accepted as true.” Id.

JOINDER OF MR. CHAMBERS

■ Defendants assert that Ms. Matthews added Mr. Chambers as a defendant in bad faith to establish proper venue in Orleans Parish. Defendants contend that the trial court erred by stating: “I don’t believe that the defendant has carried the burden of proving that the joinder of Steven Chambers was fraudulent,” and by denying their exception of improper venue. Defendants also rely upon Canter v. *506 Koehring Co., 283 So.2d 716, 721 (La. 1973), to aver that a fellow employee or supervisor cannot be held accountable for an employee’s negligence unless: 1) the employer owes a duty of care, which he breaches; 2) this duty is delegated to the employee; 3) the employee breaches this duty; and 4) he knew or should have known of the employee’s breach of the delegated duty.
| nit is undisputed that Mr. Chambers is domiciled in Orleans Parish. La. C.C.P. art. 42(1) mandates, in pertinent part, that an action “[ajgainst an individual who is domiciled in the state shall be brought in the parish of his domicile.” Accordingly, venue in Orleans Parish is proper for any action properly filed against Mr. Chambers. The first amended petition accuses Mr. Chambers of negligent hiring and negligent supervision of Mr. Robert, the truck driver that collided with Ms. Matthews. Negligent hiring and supervision is recognized as a cognizable tort. See Roberts v. Benoit, 605 So.2d 1032 (La. 1991); Harrington v. Louisiana State Bd. of Elementary & Secondary Educ., 97-1670 (La.App. 4 Cir. 5/20/98), 714 So.2d 845; Kelley v. Dyson, 08-1202 (La.App. 5 Cir. 3/24/09), 10 So.3d 283. Ms. Matthews contends that hiring and supervision are under Mr. Chambers’ purview as the owner, registered agent, president, vice president, and director of Doctor Pipe.[3]
The trial court found that Defendants failed to meet their burden of proving that Mr. Chambers was fraudulently added. We agree.
 We first note that a portion of Canter was superseded by statute. Peironnet v. Matador Res. Co., 12-2292, 12-2377, p. 34 (La. 6/28/13), 144 So. 3d 791, 817, fn 13. Further, Defendants seek to utilize Canter to force Ms. Matthews to prove the allegations contained in her petition to a burden like that of an exception of no cause of action or summary judgment. Defendants contend that Mr. Chambers was only added to achieve venue in Orleans Parish, and that Ms. Matthews’ petition fails to make a prima facie case for negligent hiring/supervision. However, our role on an exception of improper venue is not to determine whether Ms. Matthews will likely prevail at trial or judge whether she presents a prima facie case. Rather, Ron an exception of improper venue, we take the allegations in the petition as true unless the evidence presented by Defendants supports their position of improper venue. Ms. Matthews’ petition contains legally sound allegations against Mr. Chambers. While Mr. Chambers may not remain a party the length of the entire suit, once venue was determined proper, it does “not become improper by reason of a subsequent establishment of different findings of fact.” Sea Tang Fisheries, Inc. v. You’ll See Sea Foods, Inc., 569 So. 2d 992, 994 (La. App. 1st Cir. 1990). Accordingly, we find that the trial court did not err by denying Defendants’ exception of improper venue, as venue is proper in Orleans Parish.

UM COVERAGE/MEDICAL PAYMENTS

Defendants also contend that Ms. Matthews cannot achieve proper venue by adding Liberty, Ms. Matthews’ uninsured motorist and medical payment carrier. Specifically, Defendants allege that the claims against Liberty were brought in bad faith due to the fact that the United policy provides $1 million in coverage, which is more than enough to cover Ms. Matthew’s alleged damages, and venue based on Liberty should not be in Orleans *507 Parish because Ms. Matthews’ listed address was in St. Bernard Parish.[4]
Because we found that venue was proper in Orleans Parish based upon Mr. Chambers, a discussion of whether venue is proper based upon the addition of Ms. Matthews’ UM/medical payments carrier is pretermitted.

DECREE

For the above-mentioned reasons, we find that Defendants failed to meet their burden of proving that Ms. Matthews added Mr. Chambers in bad faith. ^Accordingly, venue is proper in Orleans Parish. Therefore, the trial court did not err, and the writ is denied.
WRIT DENIED
BELSOME, J„ CONCURS WITH REASONS

. Defendants maintained that Orleans Parish was also not a proper venue because the plaintiff added her uninsured motorist/medical pay carrier in bad faith, as their policy limits would not be exhausted.

. Defendants contend that Ms. Matthews did not prove she was domiciled in Orleans Parish because she used a St. Bernard Parish address to obtain a lower premium from Liberty. However, the record contains documentation to support the trial court's finding that Ms. Matthews is domiciled in Orleans Parish. The documents include a voter's registration card, utility bills, homestead exemption, and vehicle registration.

, As reflected on the certificate issued by the Louisiana Secretary of State.

. As we noted previously, Ms. Matthews utilized a St, Bernard address to receive a lower premium for car insurance. She is domiciled in Orleans Parish.