| | | |
|---|---|---|
| STEVEN JACKSON | * | NO. 2019-C-0377 |
| VERSUS | * | COURT OF APPEAL |
| GREENWICH INSURANCE COMPANY, SHANE BENOIT, TESTING HOLDINGS USA, INC., AND/OR INTERTAK AKA INTERTEK USA, INC., GEICO AND LIBERTY PERSONAL INSURANCE COMPANY | *<br><br>*<br><br>* * * * * * * | FOURTH CIRCUIT<br><br>STATE OF LOUISIANA |

APPLICATION FOR WRITS DIRECTED TO
CIVIL DISTRICT COURT, ORLEANS PARISH
NO. 2018-10830, DIVISION "G-11"
Honorable Robin M. Giarrusso, Judge

* * * * * *
**JUDGE SANDRA CABRINA JENKINS**
* * * * * *

(Court composed of Chief Judge James F. McKay, III,
Judge Daniel L. Dysart, Judge Sandra Cabrina Jenkins)

Peter R. Brigandi, Jr.
THE BRIGANDI LAW FIRM, LLC
1630 Franklin Street
Gretna, Louisiana 70053

      COUNSEL FOR PLAINTIFF/RELATOR

Terry Thibodeaux
THE THIBODEAUX LAW FIRM, LLC
P.O. Box 2090
One Lakeshore Drive, Suite 1220
Lake Charles, LA 70602

      COUNSEL FOR DEFENDANTS/RESPONDENTS

**WRIT GRANTED; JUDGMENT VACATED; REMANDED**
# JULY 31, 2019

Plaintiff/relator, Steven Jackson, seeks review of the trial court's March 19, 2019 judgment granting the exception of improper venue in favor of defendants/respondents, Shane Benoit, Greenwich Insurance Company, Testing Holdings USA, Inc., and Intertek USA, Inc., and transferring this case to the 24th Judicial District Court in Jefferson Parish. Based on our *de novo* review of this case, in light of the applicable law and jurisprudence, we find the trial court erred in granting defendants' exception of improper venue without conducting a contradictory hearing to determine whether plaintiff was in bad faith when he filed suit in Orleans Parish. Accordingly, we vacate and set aside the trial court's judgment and remand this matter to the trial court to conduct a contradictory hearing and rule anew on the exception of improper venue.

## FACTUAL AND PROCEDURAL BACKGROUND

On October 26, 2017, Mr. Jackson, an Orleans Parish domiciliary, was involved in an automobile accident with Shane Benoit, a Jefferson Parish domiciliary, in Kenner, Louisiana, Jefferson Parish. According to the accident report taken at the scene of the accident by Kenner Police Department, Mr. Jackson

was driving a vehicle owned by Claudell Anderson and insured by GEICO, and Mr. Benoit was driving a vehicle owned by Intertek and insured by Greenwich.

Prior to filing suit, between November 2017 and June 2018, Mr. Jackson's attorney sent three letters addressed to York Risk Services Group, the insurance adjuster for defendants, requesting declaration insurance policy limits. Plaintiff did not receive any response from the insurance adjuster.

On October 26, 2018, plaintiff filed his petition for damages in Orleans Parish Civil District Court, naming the following defendants: Mr. Benoit, the alleged tortfeasor; Testing Holdings and/or Intertek, the alleged employers of Mr. Benoit; Greenwich, the alleged liability insurer for Mr. Benoit, Testing Holdings, and/or Intertek; GEICO, the liability insurer for the vehicle driven by plaintiff; and Liberty Personal Insurance Co., plaintiff's uninsured/underinsured motorist ("UM") insurer. Along with his petition for damages, plaintiff filed and requested service on defendants for his first set of interrogatories and requests for production and inspection of documents. Among the requested information and documents, plaintiff sought certified copies of all insurance policies that may provide coverage to defendants.

On December 19, 2018, defendants Mr. Benoit, Intertek, Testing Holdings, and Greenwich, filed declinatory exceptions of insufficiency of citation, insufficiency of service of process, lack of jurisdiction over the person of the defendant, and improper venue.[1] At the hearing on the exceptions, on February 15, 2019, the trial court heard arguments regarding the exception of improper venue only. Defendants argued that proper venue for this action is in East Baton Rouge

---

[1] GEICO and Liberty Personal Ins. Co. did not file declinatory exceptions to plaintiff's petition. GEICO filed an answer to plaintiff's petition on January 15, 2019; Liberty Personal Ins. Co. filed an answer on January 3, 2019.

or Jefferson Parish only, based on where the accident occurred and because their insurance policies were in excess of $15 million, and that plaintiff had no reason to join his UM insurer in this suit, except to obtain venue in Orleans Parish. However, defendants did not offer or introduce copies of the insurance policies or declaration pages at the hearing.[2] The trial court then left the matter open for 30 days to allow defendants to supplement the record with the insurance policy declaration pages, and the trial court stated it would issue its judgment "depending on what I see."

On March 11, 2019, defendants submitted a letter to the trial court stating that certified copies of all effective insurance policies had been provided to plaintiff's counsel; and enclosed with the letter, defendants submitted to the trial court redacted insurance policy declaration pages issued by Greenwich, Navigator Insurance Company, and American Guarantee and Liability Insurance Company.[3]

On March 19, 2019, the trial court issued a judgment and written reasons for judgment granting the exception of improper venue in favor of defendants and transferring the matter to the 24th Judicial District Court in Jefferson Parish.[4] On that same date, the trial court filed the letter and declaration pages, submitted by defendants, into the record of this case as Exhibits "Court 1" and "Court 2."

Plaintiff timely filed a notice of intent to apply for supervisory review of the trial court's March 19, 2019 judgment. Plaintiff also requested a stay of proceedings pending a decision on its writ application by this Court and, if writs

---

[2] Defendants stated that they provided plaintiff's counsel a copy of the primary insurance policy on the morning of the hearing.

[3] Defendants redacted the pricing information from the policy declaration pages.

[4] The trial court's judgment granted only the exception of improper venue, which is the subject of this writ, and pretermitted the other exceptions to be transferred to and decided by the 24th Judicial Court.

are timely sought, final decision by the Louisiana Supreme Court. The trial court granted the stay and set a return date. Plaintiff's timely writ application followed.

## STANDARD OF REVIEW

A trial court's ruling granting an exception of improper venue is reviewed *de novo*, because venue is a question of law. *Matthews v. United Fire & Cas. Ins. Co.*, 16-0389, p. 3 (La. App. 4 Cir. 3/8/17), 213 So.3d 502, 505 (citing *Premier Dodge, L.L.C. v. Perrilloux*, 05-0554, p. 2 (La. App. 4 Cir. 1/25/06), 926 So.2d 576, 577.

## DISCUSSION

Venue means the parish where an action or proceeding may properly be brought and tried under the rules regulating the subject. La. C.C.P. art. 41. Under the general rules of venue, provided in La. C.C.P. art. 42, venue is proper at "the 'home base' of the entity sued." *Underwood v. Lane Memorial Hosp.*, 97-1997, p. 4 (La. 7/8/98), 714 So.2d 715, 717. According to the general rules of venue, an action against an individual domiciled in the state shall be brought in the parish of his domicile; an action against a domestic corporation or a domestic insurer shall be brought in the parish where its registered office is located; and an action against a foreign insurer shall be brought in the parish of East Baton Rouge. La. C.C.P. art. 42. These general rules of venue, however, are subject to the exceptions contained in La. C.C.P. arts. 71 through 85, and as otherwise provided by law. La. C.C.P. art. 43. Among those exceptions, La. C.C.P. art. 76 provides that an action on an accident insurance policy may be brought in the parish where the insured is domiciled, or in the parish where the accident occurred. In addition, La. C.C.P. art. 73(A) provides in pertinent part that an action for the recovery of damages against joint or solidary obligors may be brought in the parish where the plaintiff is

4

domiciled if the parish of plaintiff's domicile would be a parish of proper venue against any defendant under La. C.C.P. art. 76. *See Chesne v. Mayeaux*, 03-0570, pp. 6-7 (La. App. 3 Cir. 11/5/03), 865 So.2d 766, 770.

An objection of improper venue is raised by declinatory exception. *See* La. C.C.P. art. 925. On the trial of the declinatory exception, evidence may be introduced to support or controvert the objection when the grounds thereof do not appear from the petition. La. C.C.P. art. 930. "If the grounds for the objection of improper venue do not appear on the face of plaintiff's petition, the burden is on defendant to offer evidence in support of his position." *Matthews*, 16-0389, p. 4, 213 So.3d at 505 (quoting *Vital v. State*, 522 So.2d 151, 152 (La. App. 4th Cir. 1988)). "When no evidence is introduced at the trial of the exception the court is restricted to the allegations of the petition, which for purposes of the exception are to be accepted as true." *Id.*

In this case, defendants raised the exception of improper venue, asserting that proper venue lies in either East Baton Rouge or Jefferson Parish only and that plaintiff's inclusion of claims for uninsured/underinsured coverage lack legal foundation and are in bad faith solely to confer venue in the place of plaintiff's domicile in Orleans Parish. In opposition, plaintiff argued that venue is proper in Orleans Parish, his own domicile, in accordance with the venue provisions of La. C.C.P. arts. 76 and 73. Plaintiff further argued that defendants could not meet their burden to prove he was in bad faith in joining his UM insurer, because despite plaintiff's repeated, diligent efforts to obtain the pertinent insurance policy limit information from defendants, at the time of the filing of the petition, plaintiff had no knowledge of defendants' insurance policy limits. In the trial court's written reasons for granting defendants' exception, the trial court found the only basis for

venue in Orleans Parish is plaintiff's inclusion of UM claims; defendant Intertek has insurance; and plaintiff failed to demonstrate that his claims will exceed defendants' insurance policy limits.

Plaintiff now argues the trial court erred in granting the exception of improper venue, because defendants failed to meet their burden to offer evidence controverting the allegations in plaintiff's petition or proving plaintiff acted in bad faith by filing suit against his UM insurer. Plaintiff notes that defendant did not offer or introduce any evidence at the hearing, and the affidavit attached to defendants exception of improper venue and the declaration pages attached to the letter to the trial court are not proper record evidence to be considered by the trial court.

Reviewing the exception of improper venue *de novo*, we first look to whether the objection of improper venue is evident on the face of the pleadings. Finding that Orleans Parish is a proper venue under the venue rules, we then turn to whether defendants offered evidence in support of their argument that plaintiff acted in bad faith in joining his UM insurer solely for the purpose of making venue proper in Orleans Parish.

In his petition for damages, plaintiff, a domiciliary of Orleans Parish, joined his UM insurer as a defendant. As recognized by this Court's jurisprudence, citing the venue provisions in La. C.C.P. arts. 76 and 73, a plaintiff may file suit against his UM insurer in the parish of his own domicile, because he is the insured under the policy; and, when the parish of plaintiff's domicile is the proper venue as to one solidary obligor, it is proper venue as to all solidary obligors. *See Gavin v. USAA Cas. Ins.*, 98-0614 (La. App. 4 Cir. 4/21/99), 747 So.2d 577; *Gaspard v. Louisiana Farm Bureau Ins. Co.*, 96-2148 (La. App. 4 Cir. 11/6/96), 684 So.2d 55;

6

*Cantrelle v. State Farm*, 94-1940 (La. App. 4 Cir. 4/13/95), 654 So.2d 790; *see also Saldana v. State Farm Mut. Auto. Ins. Co.*, 39, 094 (La. App. 2 Cir. 12/15/04), 889 So.2d 1170; *Laborde v. American Nat. Property & Cas. Companies*, 00-01091 (La. App. 3 Cir. 1/31/01), 780 So.2d 501. Thus, our jurisprudence holds that when plaintiff joins his UM insurer as a defendant, venue is proper in the parish of plaintiff's domicile. Accordingly, on the face of the petition, Orleans Parish is a proper venue.

However, if after a contradictory hearing on the exception, the trial court determines that the joinder of the UM insurer was in bad faith solely for the purpose of obtaining venue in the parish of plaintiff's domicile, then the trial court should maintain the exception of improper venue. *Farrar v. Haedicke*, 97-2923 (La. 12/2/97), 702 So.2d 690 (*per curiam*). As stated previously herein, a defendant raising the declinatory exception of improper venue bears the burden of offering evidence to support that objection when the grounds thereof do not appear on the face of the petition. *See* La. C.C.P. art. 930; *Matthews*, 16-0389, p. 4, 213 So.3d at 505.

The record of these proceedings reflects that defendants failed to offer or introduce any competent evidence to support their exception of improper venue based on plaintiff's bad faith in joining his UM insurer. At the hearing on the exception, defendants acknowledged that the "fundamental part of the exception is the issue of whether or not plaintiff is in good faith", which plaintiff correctly argued was defendants' burden to prove with competent record evidence. Defendants then relied upon the affidavit of David Oberst, Associate Counsel for Intertek, that was attached to defendants' exception, to demonstrate that defendants were insured for $15 million under their primary and excess insurance policies.

7

But, "[a] sworn affidavit is hearsay and is not competent evidence unless its use is specifically authorized by statute." *Michael F. Smith, CPA v. Alford*, 04-0586, p. 4 (La. App. 1 Cir. 3/24/05), 906 So.2d 674, 676; *see also Pyburn v. Walle Corp.*, 454 So.2d 1128, 1130 (La. App. 4th Cir. 1984). Even if defendants had formally offered the affidavit of David Oberst into evidence at the hearing, it would not have constituted admissible evidence. *See Alford*, *supra*. Defendants also did not offer or introduce any evidence or testimony regarding the insurance policy limits, which is the sole basis for defendants' argument that plaintiff is in bad faith for joining his UM insurer. Even when the trial court left the matter open for defendants to submit documentation of the insurance policy declaration pages, defendants submitted a letter with attachments to the trial court rather than filing a supplemental pleading with exhibits into the record.

Although the trial court itself filed defendants' letter and the attached documentation into the record, we find these exhibits were not properly considered by the trial court. "Evidence not properly and officially offered and introduced cannot be considered, even if it is physically placed in the record." *Denoux v. Vessel Mgmt. Serv., Inc.*, 07-2143, p. 6 (La. 5/21/08), 983 So.2d 84, 87.

In addition, we find that the trial court failed to make the factual determination as to whether plaintiff named his UM insurer in bad faith solely for the purpose of obtaining venue in Orleans Parish. When the trial court left the matter open for defendants to submit the insurance policy declaration pages, it stated "I want to [sic] keep it open to see a deck [sic] page because if there is 15 million I'm going to grant the exception[,] [i]f it's not, one million you may be in Orleans Parish." The trial court later stated it would issue its judgment "depending

8

on what I see" in the declaration pages. Then, the trial court's written reasons for judgment stated only as follows:

> The only basis for venue in Orleans Parish is plaintiff's inclusion of uninsured/underinsured motorist claims. After review of the policies, Intertek is neither. It has insurance, and plaintiff has failed to demonstrate that his claim will exceed the policy limits.

Notably, the trial court made no inquiry at the hearing, nor any determination in its written reasons for judgment, regarding whether plaintiff was in bad faith for joining his UM insurer.

Moreover, we note that the trial court's determination of whether plaintiff was in bad faith when he filed suit in Orleans Parish should not be determined solely upon the aggregate of the policy limits. The determination of bad faith turns on the facts and circumstances of the case, such as whether plaintiff failed to reasonably investigate and determine whether the tortfeasor, Mr. Benoit or his alleged employer, was adequately insured before naming plaintiff's own UM insurer and filing in the parish of plaintiff's domicile, which would otherwise not be a proper venue. *See Gray v. Gray*, 07-1606 (La. App. 4 Cir. 1/23/08), 977 So.2d 1049, 1053-55 (Tobias, J., concurring) (submitting that considerations for the bad faith determination should include the amount of time and effort plaintiff/plaintiff's counsel used to investigate the claim and the tortfeasor's ability to respond in damages before filing in plaintiff's parish of domicile that but for the UM policy would not be a proper venue); *Cf. Smith v. Audubon Ins. Co.*, 95-2057, p. 9 (La. 9/5/96), 679 So.2d 372, 377 ("[T]he determination of … bad faith turns on the facts and circumstances of each case. … The determination of good or bad faith in an insurer's deciding to proceed to trial involves the weighing of such factors, among others, as … the adequacy of the insurer's investigation, and the

openness of communications between the insurer and insured."). And the trial court must make its determination based on facts supported by evidence entered into the record at a contradictory hearing.

Based on our review of the record and the applicable law and jurisprudence, we find the trial court erred in granting defendants' exception of improper venue without holding a contradictory hearing, at which testimony and evidence is offered and introduced into the record, and making a specific determination as to whether plaintiff named his UM insurer in bad faith solely for the purpose of obtaining venue in Orleans Parish. *See Gray v. Gray*, 07-1606, pp. 4-5 (La. App. 4 Cir. 1/23/08), 977 So.2d 1049, 1051-52; *Haines v. Millet*, 06-0289 (La. 5/26/06), 950 So.2d 678; *Farrar*, 97-2923, 702 So.2d at 691. Accordingly, the trial court's March 19, 2019 judgment is vacated and set aside, and this matter is remanded to the trial court to conduct a contradictory hearing on whether plaintiff joined his UM insurer in bad faith solely for the purpose of obtaining venue in Orleans Parish.

**WRIT GRANTED; JUDGMENT VACATED; REMANDED**