TOBIAS, J.,
concurs and assigns reasons.
hi respectfully concur.
Following the remand of Haines v. Millet, 06-0289 (La.5/26/06), 950 So.2d 678, the district court once again ruled as it had before. This court affirmed with one judge dissenting. The Louisiana Supreme Court once again reversed this court stating:
The judgment of the trial court is reversed, and the exception of improper venue is granted for the reasons assigned by the dissenting judge in the court of appeal. The matter is remanded to the trial court which is instructed to transfer the case to an appropriate venue.
Haines v. Millet, 07-1267 (La.10/5/07), 964 So.2d 375.
That which is missing from the history of Haines is what the dissenting judge on this court stated:
This matter comes before this court a second time on the issue of whether the plaintiff filed his suit in a proper venue. In writ number 2005-C-1412 in this court, a majority of the court found no error in the trial court’s ruling that venue was proper in Orleans Parish. The dissent in that writ stated in pertinent part:
... [T]he plaintiff/respondent has failed to demonstrate that his claims will exceed the $2,000,000.00 policy limits of the defendants/relators, Millet and Hilton Hotels Corporation. The plaintifl/respondent’s insurer, State Farm, provides plaintiff only 12$10,000.00 of uninsured/underinsured coverage. Since the accident did not occur in Orleans Parish, but rather Jefferson Parish, and the individual defendant (Millet) is domiciled in St. Charles Parish [sic], venue is proper in Jefferson, St. Charles [sic] or East Baton Rouge Parish. Farrar v. Haedicke, 97-2923 (La.12/2/97), 702 So.2d 690.
The Louisiana Supreme Court granted supervisory writs and in a per cu-riam remanded the matter to the trial court to determine whether the plaintiff had filed his suit in bad faith by naming his uninsured/underinsured automobile liability carrier in order to obtain venue in Orleans Parish. Haines v. Millet, 06-0289 (La.5/26/06), 950 So.2d 678.
The subject accident occurred in Jefferson Parish. The defendant, Hilton Hotels Corporation (“Hilton”), is a foreign corporation with its registered office in East Baton Rouge Parish and its principle business office in Jefferson Parish. Hilton’s insurer, the relator herein, is domiciled in East Baton Rouge Parish. The plaintiff is domiciled in Orleans Parish. Alen Millet, the driver of the Hilton vehicle, is domiciled in St. John the Baptist Parish.
*1053 From the record before us, the ultimate question is whether a plaintiff (plaintiffs counsel) must make a reasonable effort to determine whether the tortfeasor has adequate insurance or is adequately solvent before naming the plaintiffs uninsured/ underinsured liability insurer that results in the suit being filed in a venue that would not ordinarily be a proper venue under law but for the uninsured/ underinsured liability policy of the plaintiff.[1]
Plaintiffs’ counsel testified that it is the policy of his office to always name his client’s uninsured/underinsured liability carrier when the plaintiffs injuries are significant. In the case at bar, the plaintiff, prior to the subject accident, was one hundred percent disabled primarily due to being Hepatitis C positive, having a hepatoma, having undergone a liver transplant, and having undergone knee surgery; he had previous back pain and post the subject accident was experiencing back and cervical pain. At the time the plaintiff filed suit some nine months post initial medical information, plaintiffs counsel was aware [sthat his client might have disc problems that ultimately would require surgery.
Ultimately, the gravamen of the dispute before the court is whether plaintiffs counsel had a duty to investigate whether Hilton could respond in damages to his client and ergo the extent of the solvency of Hilton before filing suit and to a lesser, but equally important, extent determine the policy limits of Hilton’s liability carrier. Plaintiffs counsel had been in contact with Hilton’s insurance adjuster regarding the property damage claim, which was paid. Plaintiffs counsel never broached with the insurer’s adjuster the subject of the quantum of the plaintiffs injuries or inquired about the policy limits of Hilton’s policy. Plaintiffs counsel counters that it was his experience that no defendant’s insurer will disclose policy limits until suit is actually filed, and/or alternatively, that an adjuster may only be assigned to deal with property damage and another adjuster is assigned to handle the personal injury claim.
As I understand the remand of the Supreme Court to the trial court, the trial court was to determine whether the plaintiff was in “bad faith” when he filed suit in Orleans Parish. I am aware that there exists many definitions of the phrase “bad faith” in our jurisprudence. Black’s Law Dictionary (8th Ed.2004) defines “bad faith” as “[djishonesty of belief or purpose <the lawyer filed the pleading in bad faith>.” Citing Restatement (Second) of Contracts § 205 cmt. d (1979), Black’s notes that one cannot list all types of bad faith, but it includes “evasion of the spirit of the bargain, lack of diligence and slacking off, willful rendering of imperfect performance, abuse of a power to specify terms, and interference with or failure to cooperate in the other party’s performance.”
La. C.C.P. art. 863, relative to the signing of pleadings, in pertinent part, states:
B. Pleadings need not be verified or accompanied by affidavit or certificate, except as otherwise provided by law, but the signature of an attorney or party shall constitute a certification by him that he has read the pleading; that to the best of his knowledge, information, and belief formed after reasonable inquiry it is well grounded in fact; that it is warranted by existing law or a | ¿good faith argument for the extension, modification, or rever *1054 sal of existing law; and that it is not interposed for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation.
* * *
D. If, upon motion of any party or upon its own motion, the court determines that a certification has been made in violation of the provisions of this Article, the court shall impose upon the person who made the certification or the represented party, or both, an appropriate sanction which may include an order to pay to the other party or parties the amount of the reasonable expenses incurred because of the filing of the pleading, including a reasonable attorney’s fee. Thus, the question becomes whether a
lawyer who after nine months (approximately eleven months post-accident/injury) fails to investigate adequately whether a defendant can respond in damages without naming a defendant who is contingently liable (i.e., liable only if the underlying tortfeasor and his/her/its insurer cannot respond in damages) violates the letter if not the spirit of article 863 as read in the context of what constitute “bad faith.” Here, the trier of fact must make a credibility call that may only be reversed if manifestly erroneous or clearly wrong. But also, a corollary question is whether a lawyer is ethically permitted to fail to reasonably and fully investigate a matter within a reasonable amount of time, and thereby appropriately file suit in a venue that would not ordinarily, under the facts of the case, be a proper venue. Considerations include, inter alia, the amount of time counsel has to investigate the claim and whether counsel can adopt a policy that he/she will always name his/her client’s uninsured/ underinsured liability insurer in a lawsuit and file the suit at the plaintiffs domicile that but for the uninsured/ underinsured liability insurance policy would not be a proper venue.
The trial judge apparently believed the plaintiffs counsel when he stated that he almost always named the plaintiffs uninsured/ underinsured liability carrier as party when he filed suit because, among other reasons, it 15reduced court costs. Certainly such could be viewed as a form of “good faith” which out of necessity precludes a finding of “bad faith.”
Weigh against this whether plaintiffs counsel knew or should have known as a matter of common sense and ordinary knowledge that Hilton was a major company with substantial assets whose financial well being could be easily ascertained by resorting to the internet or a stockbroker.
In view of Black’s Law Dictionary and the Restatement (Second) of Contracts, quoted above, I conclude that the trial court was manifestly erroneous, clearly wrong, and abused his discretion in the case at bar in holding that Orleans Parish was a proper venue given what plaintiffs counsel should have known and given the length of time he had to investigate the claim before he filed, and actually filed suit. The nature of counsel’s client’s injuries when weighed against the maximum recovery that a judge or jury could award that would be neither manifestly erroneous nor clearly wrong as a matter of law or would not subject the plaintiff to a reduction in a quantum award on a judgment notwithstanding the verdict must weigh in an attorney’s decision where to file suit. To view this case in any other manner would proverbially be said to be straining at a gnat and swallowing a camel. McNeeley[McNeely] v. Town of *1055 Vidalia, 157 La. 388, 343, 102 So. 422, 423 (La.1924); State v. Carter, 107 La. 792, 793, 32 So. 183, 184 (1902); World Trade Center Taxing District v. All Taxpayers Property Owners, and Citizens of World Trade Center Taxing District and Nonresidents Owning Property or Subject to Taxation therein, 05-0048, p. 17 [ (]La.App. 4 Cir. 2/1/05), 894 So.2d 1185, 1196, aff'd 05-0374 (La.6/29/05), 908 So.2d 623.
Accordingly, I would grant the relator’s application for supervisory writ, reverse the judgment of the trial court, and remand this matter to the trial court for transfer of the suit to a proper venue: Jefferson Parish, St. John the Baptist Parish, or East Baton Rouge Parish.
This court is bound by Haines.
The trial court erred in not following the Louisiana Supreme Court’s instructions to transfer this case to a court of proper venue. The trial court should only have rendered a judgment transferring this case to another venue and should |finot have ruled on anything else. Thus, I interpret this court’s decree as nothing more than a vacating of the trial court’s ruling on the exception of prescription; any ruling by the trial court on the summary judgment is similarly null and void. The prescription issue and summary judgment may only be ruled upon by a court of proper venue, which the Supreme Court has said is not Orleans Parish.

. Plaintiff's uninsured/ underinsured policy limits were $10,000.00.