704 So.2d 386 (1997)
E. SONDHEIMER CO., Jerry Ostadal, and Charlene Ostadal
v.
HIBERNIA CORPORATION.
No. 97-C-2460.
Court of Appeal of Louisiana, Fourth Circuit.
December 10, 1997.
Joseph R. Ward, Jr., James E. Brouillette, Ward, Nelson & Pelleteri, LLC, New Orleans, for Plaintiff/Respondent.
Patrick Johnson, Jr., David F. Waguespack, Lemle & Kelleher, L.L.P., New Orleans, for Defendant/Relator.
Before BYRNES, LOBRANO, PLOTKIN, JONES and CIACCIO, JJ.
*387 PLOTKIN, Judge.
Defendant Hibernia Corporation seeks supervisory writs, contesting a trial court judgment denying its motion to transfer venue from Civil District Court in Orleans Parish to the Sixth Judicial District Court under the provisions of La. C.C.P. art. 123, relative to forum non conveniens.
La. C.C.P. art 123(A) provides, in pertinent part, as follows:
A. For the convenience of the parties and the witnesses, in the interest of justice, a district court upon contradictory motion, or upon the court's own motion after contradictory hearing, may transfer a civil case to another district court where it might have been brought; however, no suit brought in the parish in which the plaintiff is domiciled, and in a court which is otherwise a court of competent jurisdiction and proper venue, shall be transferred to any other court pursuant to this Article.
This suit is based on the defendant's alleged breach of a contract to loan money to the plaintiff corporation, which breach the plaintiff claims caused bankruptcy of the business. Although Orleans Parish is perhaps a proper venue for the suit because Hibernia's principal place of business is located here, venue is obviously more appropriate in the Sixth Judicial District Court.
The factors to be considered in determining whether a case should be transferred to a different venue were established by this court in Lamb v. Highlines Construction Co., 541 So.2d 269, 271, as follows: (1) convenience of the parties and witnesses; (2) access to the sources of proof and evidence, as well as viewing of the premises, if required; (3) costs of obtaining attendance of witnesses; (4) advantages and obstacles to a fair trial. All of these factors dictate that this case be transferred to the Sixth Judicial District.
No reason for allowing this suit to proceed in Orleans Parish exists. Nothing happened in Orleans Parish. The loan agreement was allegedly made by the chief executive officer and chairman of the board of Southern National Bank of Tallulah, which is located in the Sixth Judicial District. The plaintiff is a Delaware corporation which originally registered its principal place of business in Sondheimer, Louisiana, which is in the Sixth Judicial District; the principal place of business has since been changed to Folsom, Louisiana, not New Orleans. Moreover, the executive officers of the corporation, who were originally plaintiffs but who have been dismissed on an exception of no right or cause of action, do not, and never have, resided in Orleans Parish; currently, they reside in Folsom, Louisiana. The purpose for which the loan was requested was to install equipment for the corporation's sawmill located in the Sixth Judicial District. Moreover, all of the witnesses, except the plaintiffs, are located in the Sixth Judicial District.
As much as the Sixth Judicial District Court is obviously the more appropriate venue in this case, Orleans Parish Civil District Court is an in appropriate venue. The connection to Orleans Parish is extremely tenuous. According to the plaintiff's petition, Southern National was merged into First Bank Corporation of Louisiana, Inc. on or about July 6, 1993, more than five years after the alleged breach of contract which occurred on December 17, 1988. Thereafter, on July 31, 1994, Hibernia Corporation merged with First Bank Corporation of Louisiana Inc.; that merger included all assets and debts, including the cause of action which forms the subject of the instant lawsuit. Thus, Hibernia has become the surviving entity and successor in interest of Southern National, making it liable for the breach of contract and breach of promise alleged in this case, the plaintiffs claim. Thus, the plaintiff brought the suit in the parish where Hibernia's principal place of business is located.
Moreover, whether venue is even correct in Orleans Parish is questionable. Under the general venue rules as established by La. C.C.P. art. 42, an action against a domestic corporation "shall be brought in the parish where its registered office is located." Art. 42(2). The plaintiff's petition alleges that Hibernia's principal place of business is located in Orleans Parish, but makes no allegations concerning the location of Hibernia's *388 registered office. Nor is Hibernia's registered office referenced in the respondent's opposition to the writ application, quoted favorably by the dissent. The petition in this case is insufficient to establish Orleans Parish as a correct venue, much less the most appropriate venue.
Actually, neither court is located in the proximity of Folsom, Louisiana. We expressly reject that argument. The fact that New Orleans might be slightly closer to the plaintiff's executive officers is not sufficient to overcome all of the other factors present in this case which support a transfer of the case to the Sixth Judicial District, especially in light of the fact that they transacted the business out of which the suit arises in the Sixth Judicial District. "The convenience of the parties and the interest of justice require that the litigation proceed elsewhere." Lamb, 541 So.2d at 271.
Moreover, the suggestion in the dissent that La. C.C.P. art. 123 "would [not] look favorably on a defendant's objection to being sued at its home base" has no authority in law. In fact, the only policy which can be logically gleaned from the language of La. C.C.P. art. 123 is that proper venue in the parish of the plaintiff's residence is greatly favored. In fact, the venue articles are designed to serve the convenience of the defendant by generally requiring that a defendant be sued in his parish of residence. See Kellis v. Farber, 523 So.2d 843, 847 (La.1988), stating the general civilian principle that "one must be sued before his own judge." Therefore, when a defendant requests a change of venue for purposes of convenience from the parish of proper venue as to that defendant, that request is entitled to at least as much consideration as a request by a plaintiff to change the venue from such a location, if not more.
Accordingly, the trial court judgment denying the motion to transfer venue is reversed; the case is hereby transferred to the Sixth Judicial District Court.
WRIT GRANTED; TRIAL COURT JUDGMENT REVERSED, VENUE TRANSFERRED TO SIXTH JUDICIAL DISTRICT COURT.
BYRNES, J., would deny the writ.
CIACCIO, J., dissents.
BYRNES, Judge, would deny the writ.
Respondent's opposition to the writ application states that:
Defendant, Hibernia Corporation, is a domestic corporation, with its principal place of business located in Orleans Parish. Hibernia's offices are located at 313 Carondelet Street in New Orleans not more than five minutes from the Civil District Court.
Hibernia's response to respondent's opposition does not deny the above statement, although Hibernia's response states that its response to the opposition was filed for the expressed purpose of "correct[ing] several important and totally inaccurate representations contained in the Opposition Brief ..." This failure to deny in a brief filed for the purpose of correcting inaccuracies, coupled with the fact that the Hibernia Bank Building at the location designated above by the respondent is a landmark in the New Orleans skyline instantly recognizable by residents of the city, leads me to accept the opposition statement as true until denied. I find no authority that would suggest that LSA-C.C.P. art. 123 would look favorably on a defendant's objection to being sued at its home base. Traditionally defendants have fought, albeit increasingly unsuccessfully, for the right to be sued at home. Moreover, as the respondent's opposition also points out, and as is confirmed from the face of the pleadings, counsel for Hibernia is located on Poydras Street, a location conveniently close both to Hibernia's main office and the Civil District Court.
Respondent's original petition requests that service on Hibernia be made:
 though its agent for service of process,
 Gary L. Ryan
 313 Carondelet Street
 New Orleans, Louisiana 70130
Hibernia would presumably have pointed out any error in this designated process agent had there been such error.
*389 Venue is presumed to be proper until shown otherwise. Hibernia has not contended that its registered office is not in Orleans Parish. Hibernia would surely have done so in furtherance of its exception of venue had that been the case. The presumption is that Hibernia's registered office is in Orleans Parish and that venue is proper here under LSA-C.C.P. art. 42(2) in the absence of a showing to the contrary. This presumption is supported by the fact that Hibernia has not denied that its principle place of business is in Orleans Parish and the address of its registered agent for service of process is the same as that of its well known office building.
The apparent connections with Orleans Parish are such that I find no abuse of the trial court's discretion under LSA-C.C.P. art. 123 and, therefore, join with Judge Ciaccio in voting to deny the writ application. No case in Louisiana has ever held that it was inconvenient for a defendant to be sued at its home base! Where LSA-C.C.P. art. 123(A) states that, "no suit brought in the parish in which the plaintiff is domiciled, and in a court which is otherwise a court of competent jurisdiction and proper venue, shall be transferred to any other court pursuant to this Article," it is in furtherance of a plaintiff's right to choose a forum. This language was not intended to suggest that the defendant has a right to complain about being sued at home, a right defendants have fought for traditionally and historically. LSA-C.C.P. art. 123(A) was not enacted because defendants were complaining about the inconvenience of being sued at home.
LSA-C.C.P. art 123(A) was enacted "for the convenience of the parties and the witnesses." [Emphasis added.] The majority opinion fails to show how venue in Orleans Parish would inconvenience the parties in any way. It is impossible for Hibernia to complain about inconvenience as a party. The plaintiff contends that Orleans Parish is convenient for it, and Orleans Parish is convenient for Hibernia as a party as a matter of law. Where it is clear that Orleans Parish is convenient for all parties, I do not see how the trial court's discretionary decision to maintain jurisdiction in Orleans Parish can be considered to be an abuse of discretion. The fact that witnesses may be inconvenienced does not mean that the trial court abused its discretion. A rational basis exists for the trial court's decision.
CIACCIO, Judge, dissenting.
I respectfully dissent.
I would deny the writ application as I find no abuse of the trial court's discretion in refusing to transfer the case to the Sixth Judicial District.