|,ARMSTRONG, Judge.

STATEMENT OF THE CASE

In this action for injunctive relief, the relators, “Harrison” defendants,[1] seek supervisory review of the trial court’s February 9, 2001 denial of their exception of improper venue.

FACTS

Plaintiff M and M Gambling, Inc. filed this suit for injunctive relief against Joseph Storey to prevent Storey from transferring M and M stock to the Harrison defendants, alleging that such stock transfer would be in derogation of stock transfer restrictions to which Storey had agreed when purchasing the stock. M and M alleged in its original petition that it was a Louisiana corporation with its principal place of business in St. Bernard Parish. M and M further alleged that on January 21, 1999, defendant Storey, a resident of Caddo Parish, executed, at the offices of M and M in St. Bernard Parish, a subscription agreement wherein Storey agreed to purchase shares of capital stock of M and M. Storey purportedly | ¡.represented to M and M that he was purchasing the stock for himself, and acknowledged in the subscription agreement that the stock was subject to certain transfer restrictions set forth in M and M’s articles of incorporation. Storey purportedly received money from the Harrison defendants that he used for the stock purchase. The Harrison defendants believed they were investing in a video poker company or in video poker machines. The Harrison defendants subsequently sued Storey in Caddo Parish district court and in federal court, eventually settling their litigation, with Storey purportedly agreeing to transfer to them some 82% of the M and M stock he purchased. M and M subsequently added the twelve Harrison defendants by a first supplemental and amending petition, asserting that nine of them resided in Caddo Parish, with one each residing in East Baton Rouge, Ouachita and South Lafourche Parishes. M and M alleged, among other things, that the transfer of its stock to the Harrison defendants (more specifically, their “entity”) would cause M and M to have it’s election as a subchapter “S” corporation disallowed. The trial court granted a temporary restraining order, which is still in effect. The Harrison defendants *1232 filed the exception of improper venue to M and M’s suit, which was denied by the trial court.

ANALYSIS

The trial court issued a per curiam, indicating that it denied the Harrison defendants’ exception of improper venue on the basis that Storey was acting as an agent on behalf of them when he entered into the contract upon which M and M claims venue is based. The trial court also stated that the Harrison defendants were either an undisclosed principal or a third-party beneficiary to the contract between |aM and M and Storey. The Harrison defendants filed a second supplemental pleading in support of their writ application on May 7, 2001, to address the trial court’s per curiam.
An agent must have the express authority of his principal to acquire a thing on behalf of the principal. La. C.C. art. 2996. This is the controlling agency principal in the instant case.
Evidence may be introduced to support or controvert the declinatory exception of improper venue, when the grounds thereof do not appear from the petition, the citation or return thereon. The trial court stated in its per curiam that no evidence was introduced at trial of the exception. Accordingly, M and M’s petitions are dispositive of the venue question.
M and M’s original petition alleged that Storey executed a subscription agreement in St. Bernard Parish to purchase shares of M and M stock, and farther alleged:
IV.
That contained in the subscription agreement are the representations, warrants and agreements of the defendant that the shares purchased were being purchased only for his account and not for or on account of any other person; that the shares purchased were for the purpose of his investment and not with a view to any further sale or distribution thereof and that the defendant did not have an agreement, arrangement or understanding for the transfer of any shares or any interest therein to any other person or persons.
V.
That furthermore, the subscription agreement acknowledged and recognized that the capital stock was subject to certain transfer restrictions set forth in the Articles of Incorporation dated January 13th, 1992 (as amended on September 15th, 1998).
VI.
UThat the plaintiff has since learned that the representations of the defendant were false and in fact the purchase price of the stock was paid with funds supplied by others for their benefit and in connection therewith the defendant is currently involved in litigation with these individuals and entities.
VII.
That, on information and belief, the defendant is attempting to settle the collateral litigation by offering to transfer to these other individuals and entities approximately 1700 of the 1938 shares purchased by the defendant.
In its first supplemental and supplemental petition, M and M named the Harrison defendants as the persons to whom Storey allegedly was attempting to transfer the M and M stock. Nothing in M and M’s petitions directly sets forth factual allegations that Storey was acting as an agent on behalf of the Harrison defendants when he purchased the stock under the representation that he was purchasing it for himself.
*1233 M and M clearly alleges in its petitions that the contract transferred ownership of the stock only to Storey. The trial court found that the Harrison defendants were undisclosed principals. However, M and M’s petitions cannot be construed to allege that Storey, even as he entered into the contract purchasing stock in his own title, intended at that time to transfer ownership of any portion of that stock to the Harrison defendants. While the Harrison defendants admit that they gave money to Storey to purchase M and M stock for himself and for them, it cannot be inferred from this admission that they expressly authorized Storey to obtain the stock in his own name, with the intent that he would later transfer ownership of most of it to them, in contravention of the stock purchase agreement and transfer restrictions set forth in M and M’s articles of incorporation. Nor are there any allegations in the petitions to this effect. The thrust of the allegations in | sthe petitions is that the Harrison defendants gave Storey money, which Storey used to purchase stock in his own name, and that, as a result, the Harrison defendants sued Storey, and he is attempting to settle that litigation by transferring most of the stock to them, in contravention of the terms of the stock purchase agreement/contract.
There is no indication that the Harrison defendants were third-party beneficiaries to the contract. The requirements to be met in order to establish that one is a third-party beneficiary of a contract were set forth by this court in Concept Design, Inc. v. J.J. Krebs & Sons, Inc., 96-1295 (La.App. 4th Cir.3/19/97), 692 So.2d 1203, as follows:
Under Louisiana law, a contract for the benefit of a third party is referred to as a stipulation pour autri. See, e.g. Whitney National Bank v. Howard Weil Financial Corp., 93-CA-1568 (La.App. 4th Cir.1/27/94), 631 So.2d 1308, 1310
... “In order to establish a stipulation pour autri there must be a clear expression of intent to benefit the third party. The third party relationship must form the consideration for a condition of the contract; the benefit may not be merely incidental to the contract.” State, In re Adoption of S.R.P., 555 So.2d 612, 618 (La.App. 4th Cir.1989), writ denied, 556 So.2d 1288 (La.1990). A contract, in order to constitute a stipulation pour autri, must be “in writing and clearly manifest an intention to confer a benefit upon a third party”. DePaul Hospital v. Mutual Life Ins. Co., 487 So.2d 143, 146 (La.App. 4th Cir.1986). (footnote omitted)
96-1295 at p. 5, 692 So.2d at 1205-1206.
The petitions in the instant case, read together, do not allege that the contract between M and M and Storey clearly manifested an intention to confer a benefit upon the Harrison defendants. Rather, it is clear from the pleadings that as far as M and M knew when it entered the contract with Storey, Storey was purchasing the shares of its stock solely for himself. Thus, the Harrison defendants were not third-party beneficiaries to the contract.
| (¡Venue articles are designed to serve the convenience of defendants, by generally requiring that they be sued in their parish of residence. E. Sondheimer Co. v. Hibernia Corp., 97-2460, p. 4 (La. App. 4 Cir. 12/10/97), 704 So.2d 386, 388. La. C.C.P. art. 76.1 simply provides that a suit on a contract may, not shall or must, be brought in the parish where the contract was executed. That venue is proper as to one defendant in the instant case, the party to the contract, but improper as to the eleven Harrison defendants-relators. It must be reiterated that the original defendant, Storey, the party to the contract with M and M, is a resident of Caddo *1234 Parish, as are eight of the eleven Harrison defendants-relators.
Based on plaintiffs original and first supplemental and amending petitions, venue is improper as to the eleven Harrison defendants-relators. When the grounds of the declinatory exception of improper venue may be removed by amendment of the petition or other action of the plaintiff, the judgment sustaining the exception shall order the plaintiff to remove them within the delay allowed by the court. Plaintiff could remove the ground of the exception of improper venue by dismissing its claims against the Harrison defendants-relators, or by amending its petition in accordance with the views expressed herein.
Accordingly, for the foregoing reasons, the relators’ writ is granted in part, the trial court’s judgment denying their exception of improper venue is reversed, the exception is maintained, and the case remanded to allow the plaintiff thirty days in which to remove the ground of the exception.
If the plaintiff cannot amend its petition to remove the ground of the exception, the case should be transferred to the Parish of Caddo, 1st Judicial District Court. See La. C.C.P. arts. 121, 932; Green v. Alaska Nat. Ins. Co., 99-2844, p. 6 (La.App. 4 Cir. 3/29/00), 759 So.2d 165, 169, writ denied, 2000-1217 (La.6/2/00), 763 So.2d 606.

SUPERVISORY WRITS GRANTED IN PART. JUDGMENT OF THE TRIAL COURT REVERSED. RELATORS’EX-CEPTION MAINTAINED. CASE REMANDED.

GORBATY, J., dissents.

. Eleven Harrison defendants were named as relators: David Harrison, John C. Hellander, Lance R. Hauth, Scott P. Sealy, Deborah E. Thompson, R. Wayne Nissen, Sandra T. Herring, Mark P. Sealy, Clarence Robery Ybos, John S. Turner and Ulous H. Smith. A twelfth person (in addition to Joseph Storey, the original defendant) was named as a defendant in M and M’s first supplemental and amending petition, Susan W. Ybos, but she was not named as a relator.