45 So.3d 1115 (2010)
Jimmy BRUMLEY
v.
AKZONA, INC. f/k/a American Enka Corporation, et al.
No. 2009-CA-0861.
Court of Appeal of Louisiana, Fourth Circuit.
January 13, 2010.
Rehearing Denied January 28, 2010.
Mickey P. Landry, Frank J. Swan-David R. Cannella, Philip C. Hoffman, *1116 Landry & Swarr, L.L.C., New Orleans, LA, and Waters & Kraus, LLP, Dallas, TX, for Plaintiff/Appellant.
Erin Fury Parkinson, Margaret Diamond, Angelina Christina, McGlinchey Stafford, PLLC, John D. Person, Michael O. Waguespack, Sarah A. Lowman, Donald C. Douglas, Jr., Middleberg Riddle & Gianna, New Orleans, LA, and Richard A. Sherburne, Jr., Lori P. Moser, Middleberg Riddle & Gianna, Baton Rouge, LA, for Columbian Chemicals Company.
Paul S. Hughes, Talley Anthony Hughes & Knight, L.L.C., Mandeville, LA, for Tin, Inc.
(Court composed of Judge TERRI F. LOVE, Judge DAVID S. GORBATY, Judge ROLAND L. BELSOME).
DAVID S. GORBATY, Judge.
In this appeal, plaintiff argues that the trial court erred in dismissing his claims for forum non conveniens. Finding no abuse of discretion by the trial court, we affirm.

FACTS AND PROCEDURAL HISTORY
This litigation involves the survival and wrongful death claims filed by Curtis Brumley, the child of decedent Jimmy Brumley. It is alleged that Mr. Brumley contracted, and subsequently died from, malignant mesothelioma resulting from asbestos exposure. Plaintiff alleged that Mr. Brumley sustained significant occupational exposure to asbestos from 1952-1985 as an insulator at various worksites primarily in Texas and Louisiana.
Plaintiff is a Texas resident, as was decedent. Suit was filed in Orleans Parish against numerous defendants, including American Cyanamid, a premises defendant. The petition pleads generally that venue is proper in Orleans Parish under La. C.C.P. art. 73 and 74, because the wrongful conduct allegedly occurred in Orleans Parish, and each of the defendants is jointly and solidarity liable for the alleged injuries.
American Cyanamid filed an Exception of Improper Venue and Motion to Dismiss for Forum Non Conveniens, asserting that Texas is a more appropriate forum under La. C.C.P. art. 123(B). Other defendants pleaded exceptions to venue and joined in American Cyanamid's motion.
After a hearing, the trial court granted the forum non conveniens motion and dismissed the action without prejudice, reserving to plaintiff the right to re-file the action in a Texas court within sixty days. The trial court did not rule on the exception of improper venue. Plaintiff filed a Motion for New Trial and/or Clarification. The trial court denied the motions, finding that "[t]he overwhelming evidence is that this matter should be tried in Texas." Plaintiff subsequently filed this appeal.

DISCUSSION
Plaintiff asserts that the trial court erred in granting the Motion to Dismiss for Forum Non Conveniens. American Cyanamid failed to offer sufficient evidence to overcome the great weight that should be given to plaintiff's choice of forum and to demonstrate that Texas is a more convenient forum in which to litigate the case, plaintiff contends. Orleans Parish is a proper forum, plaintiff argues, and defendants failed to establish the existence of an alternate and adequate forum.
The standard of review in this case is whether the trial court abused its discretion in granting the forum non conveniens motion. "The abuse of discretion standard of review is appropriate because La. C.C.P. art. 123, which treats forum non conveniens, permitsit does not mandate that a case be transferred if certain conditions are fulfilled. This gives the trial *1117 judge the discretion to grant the motion to transfer or not, and we review whether or not that discretion was abused." Cantuba v. American Bureau of Shipping, 01-1139 (La.App. 4 Cir. 2/13/02), 811 So.2d 50.
The trial court exercised this discretion to dismiss, recognizing that the court's "discretion has to be exercised weighing the criteria that one looks to to determine whether or not the case remains here or moves to Texas." The well-settled criteria that the trial court examined are provided by the governing article, La. C.C.P. art. 123(B):
Upon the contradictory motion of any defendant in a civil case filed in a district court of this state in which a claim or cause of action is predicated upon acts or omissions originating outside the territorial boundaries of this state, when it is shown that there exists a more appropriate forum outside of this state, taking into account the location where the acts giving rise to the action occurred, the convenience of the parties and witnesses, and in the interest of justice, the court may dismiss the suit without prejudice.
The Louisiana Supreme Court has held that two interrelated purposes guide the application of the doctrine codified in Article 123: to ensure that the forum is fair and convenient to the parties and not a forum chosen by the plaintiff merely to harass the defendant; and to allow courts a mechanism to regulate crowded dockets by ensuring that cases of no interest to the community where the case is filed can be moved to a more appropriate forum. See Fox v. Board of Sup'rs of La. State Univ., 576 So.2d 978, 987 (La.1991).
In serving these dual purposes when considering a forum non conveniens motion, the courts look to the following private interest factors: (1) convenience of the parties and witnesses; (2) access to the sources of proof and evidence, including viewing of the premises, if required; (3) costs of obtaining attendance of witnesses; and (4) advantages and obstacles to a fair trial. See E. Sondheimer Co. v. Hibernia Corp. 97-2460 (La.App. 4 Cir. 12/10/97), 704 So.2d 386; Symeonides v. Cosmar Compania Naviera, S.A., 433 So.2d 281 (La.App. 1 Cir.1983).
The trial court found that the private interest factors weighed heavily in favor of Texas as the more convenient forum. He noted that decedent and plaintiff are Texas residents. Decedent received all of his medical treatment in Texas, and therefore all of the medical evidence and witnesses are situated in Texas rather than Louisiana. Although plaintiff named approximately fifty-three defendants allegedly responsible for Mr. Brumley's exposure to asbestos, he claimed only eight Louisiana job sites and a single Orleans Parish location. The vast majority of decedent's employers and work sites are in Texas. The court further noted that seven of the eight fact witnesses are in Texas. The expert witnesses who will testify on plaintiff's behalf are located all over the country, and therefore are not centrally located and restricted to Louisiana, Texas, or any other state. After reviewing the facts and evidence in this case, we find that the trial court's conclusion that the private interest factors supported Texas as the more convenient forum was not an abuse of discretion.
Plaintiff's argument that his suit is virtually insulated from a forum non conveniens dismissal because his "choice" of the Orleans Parish court is entitled to "great weight" is incorrect. The explicit terms of La. C.C.P. art. 123(B) indicate that a bias toward the plaintiff's choice of forum applies only when the plaintiff is a *1118 resident of the forum. "[N]o suit in which the plaintiff is domiciled in this state, and which is brought in a court which is otherwise a court of competent jurisdiction and proper venue, shall be dismissed pursuant to this Article."
As this court made clear in Sondheimer, "the only policy which can be logically gleaned from the language of La. C.C.P. art. 123 is that proper venue in the parish of the plaintiff's residence is greatly favored." 704 So.2d at 388. As Texas residents, neither the plaintiff nor the decedent has an entitlement to the resources of the court in Orleans Parish.
Plaintiff also argues that the trial court erred in dismissing the case based on forum non conveniens without first ruling on one of the defendants' exception of venue. However, the trial court has jurisdiction to rule on the forum non conveniens motion regardless of whether venue is proper. The United States Supreme Court stated:
"[A] district court has discretion to respond at once to a defendant's forum non conveniens plea and need not take up first any other threshold objection... We have essentially characterized forum non conveniens as a `supervening venue provision,' permitting displacement of the ordinary rules of venue, when, in light of certain conditions, the trial court thinks that jurisdiction ought to be declined."
Sinochem Int'l Co., Ltd. v. Malaysia Int'l Shipping Corp., 549 U.S. 422, 127 S.Ct. 1184, 167 L.Ed.2d 15 (2007). This pronouncement clearly indicates a district court has discretion to decide a forum non conveniens issue without first determining venue.
Recently, the Louisiana Third Circuit addressed issues very similar to those raised in the present appeal in Boudreaux v. Able Supply Co., 2008-1350 (La.App. 3 Cir. 10/7/09), 19 So.3d 1263. In that case, as here, Texas residents sued dozens of defendants, alleging liability based on the decedent's exposure to asbestos during years of employment, primarily in Texas, where he also received medical treatment for mesothelioma and died. As in this case, discovery in the Vermilion Parish action showed that the decedent's work history in Louisiana comprised a very small fraction of his long career. American Cyanamid filed an exception of forum non conveniens, which was granted. On appeal, plaintiff raised four arguments also asserted in this case. The Third Circuit rejected these arguments and affirmed.
First, the Boudreaux court held that the proper rule mandated a "reluctance" to find that the out-of-state plaintiff's choice was a reasonable one. That reluctance could only be overcome by a "strong showing of convenience." Thus, the court rejected plaintiffs' argument that the court should defer to their choice of forum even though they were Texas residents. Id. at 1269. Second, as here, the Boudreaux plaintiffs contended that a prerequisite for a forum non conveniens dismissal is a showing that there is an alternative, available forum where each and every defendant is subject to jurisdiction. Id. at 1269. The court of appeal affirmed the trial court's conclusion that no such requirement exists, noting that there may well be no single forum that has jurisdiction over each of the dozens of named defendants.
Next, the Boudreaux plaintiffs suggested that Article 123(B) allows a dismissal only if all the acts giving rise to the suit occur outside Louisiana. Again, the court of appeal found no such requirement, and recognized that the adoption of plaintiffs' argument would make Louisiana a haven for forum shoppers. Id. Finally, also as in this appeal, the Boudreaux plaintiffs argued *1119 that the trial court erred in deciding the forum non conveniens motion prior to ruling on pending venue exceptions. Relying on Sinochem, supra, the Third Circuit rejected that claim, finding that the trial court has discretion to rule on a forum non conveniens issue before determining venue. The Third Circuit's analysis of the issues virtually identical to those in the case at bar provides us additional basis for affirming the judgment on appeal.

CONCLUSION
Accordingly, for the foregoing reasons, the judgment of the trial court is affirmed.
AFFIRMED.
BELSOME, J., Dissents with Reasons.
BELSOME, J., Dissenting.
Dismissing Mr. Brumley's lawsuit in favor of a Texas forum undermines his right to choose a venue; and secondly, it violates the very basic principles of judicial economy and efficiency by not establishing Texas as an available and adequate forum prior to the dismissal. Finding that Texas is a more appropriate forum is unreasonable. Therefore, I dissent.
Even though Mr. Brumley's right to choose a forum is not given the same degree of weight as if Louisiana was his home forum, the case law does not imply that his right to choose a forum is inconsequential. To the contrary, the courts have found that while balancing the private interest factors, the court must also give the "relevant deference" to the plaintiff's choice of forum. Alpine View Co., Ltd. v. Atlas Copco AB, 205 F.3d 208 (5th Cir. 2000) citing In re Air Crash, 821 F.2d 1147 (5th Cir.1987). Mr. Brumley resided and worked in the state of Louisiana for approximately four years. He has alleged substantial occupational exposure to asbestos during those four years at numerous sites. Thus, he has sufficiently pled valid causes of actions which arose in Louisiana, including Orleans Parish. For these reasons this case is distinguishable from the cases cited by the majority.
The commentary on Article 123 describes its purpose as follows:
The purpose of the principle is to guarantee that the forum is fair and convenient to the litigants and not a situs chosen by the plaintiff to harass the defendant. The doctrine is also designed to provide a method to regulate overcrowded dockets by permitting judges to transfer cases of no interest to the jurisdiction where the proceeding is filed to a more appropriate forum. (emphasis added).
1 La. Prac. Civ. Proc. Article 123 (2009 ed.).
Mr. Brumley's tenure and alleged exposure to asbestos in Louisiana proves that the forum was not selected to harass the defendants, while also establishing a compelling reason for this jurisdiction to take interest in the case.
Additionally, the record does not indicate that the alternate forum is both available and adequate for Mr. Brumley's case. In Alpine View, the United States Fifth Circuit reiterated what must be considered when determining if an alternative forum is available and adequate. The forum is considered available if the entire case and all parties can come within the jurisdiction of that forum; and the forum is adequate when the parties will not be deprived of all remedies or treated unfairly. Alpine View, supra. A determination of whether the alternate forum is available and adequate must be made prior to assessing the private interest and public interest factors. Id.
The defendants in the Alpine View case stipulated to the foreign forum and the court found that sufficient to conclude that *1120 the forum was available. Id. There has been no such showing in the instant case. As a matter of fact, the record would indicate that such a stipulation may have been rejected by some, if not all, of the defendants. In any case, the record does not provide proof of an available forum. Until an available forum is established, the potential for multiple suits and inconsistent judgments is a real concern. Thus, at this time, the principles of judicial economy and efficiency weigh in favor of Louisiana maintaining jurisdiction.
Accordingly, I find the trial court abused its discretion in dismissing Mr. Brumley's lawsuit for forum non conveniens.