JAKORI KAREEM TAYLOR     *     NO. 2023-C-0096

VERSUS     *

    COURT OF APPEAL

PBF ENERGY, LLC,     *
CHALMETTE REFINING,     FOURTH CIRCUIT
L.L.C., DANNY MENESSES     *
AND JOHN LENFANT,V     STATE OF LOUISIANA

* * * * * * *

APPLICATION FOR WRITS DIRECTED TO
CIVIL DISTRICT COURT, ORLEANS PARISH
NO. 2022-06406, DIVISION "M"
Honorable Paulette R. Irons, Judge
* * * * * *
**Judge Karen K. Herman**
* * * * * *

(Court composed of Judge Dale N. Atkins, Judge Karen K. Herman, and Judge Nakisha Ervin-Knott)

Andrew P. Bumside
Monique Gougisha Doucette
Andrew J. Halverson
OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
701 Poydras Street, Suite 3500
New Orleans, LA 70139

Joseph J. Lowenthal, Jr.
Lena D. Giangrosso
Jones Walker, LLP
201 St. Charles Ave., 51st Floor
New Orleans, LA 70170

       COUNSEL FOR DEFENDANTS/RELATORS

Leo Callier, III
Brandon D. Spann
CAILLIER AND ASSOCIATES, LLC
711 2nd Street
Gretna, LA 70053

       COUNSEL FOR PLANTIFF/RESPONDENT

       **WRIT GRANTED; STAY DENIED;
       JUDGMENT VACATED AND
       REMANDED
       MARCH 16, 2023**

Relators-Defendants, PBF Energy Company LLC, Chalmette Refining, LLC, Danny Menesses, and John Lenfant, V (collectively, "Relators"), seek review of the trial court's January 11, 2023 judgment, which denied their exceptions of improper venue and prematurity and/or lack of subject matter jurisdiction. We grant the writ application; vacate the trial court's judgment on the exception of improper venue; and remand the case for further proceedings. The request for stay of the trial court proceedings is denied.

*Factual and Procedural Background*

Respondent-Plaintiff, Jakori Taylor ("Respondent") was terminated from his employment at Chalmette Refining on September 30, 2021, for submitting false COVID-19 test results for the purpose of receiving paid medical leave. Respondent was subject to a collective bargaining agreement ("CBA") between his labor union and Chalmette Refining, and he grieved his termination under the CBA grievance procedures. Respondent requested an arbitration of his grievance, which remains pending.

On July 19, 2022, Respondent filed a petition for damages in Orleans Parish, naming Relators as defendants, as well as Ochsner Clinic Foundation ("Ochsner"). Respondent claimed that venue was proper in Orleans Parish because Ochsner is

domiciled in Orleans Parish. In his petition, Respondent alleged that Danny Menesses ("Menesses") and John Lenfant, V ("Lenfant") are employees of PBF Energy and Chalmette Refining, and that Lenfant concurrently worked for Ochsner and had access to Respondent's medical records as an Ochsner employee. Respondent further alleged that Lenfant improperly accessed Respondent's medical records and disclosed that protected health information to PBF Energy and Chalmette Refining, which was in turn used to terminate his employment.

In response, on November 4, 2022, Relators filed several exceptions, including an exception of improper venue and an exception of prematurity and/or lack of subject matter jurisdiction [1]

As to the exception of improper venue, Relators argued Orleans Parish is not proper because none of the parties are domiciled or reside in Orleans Parish and none of the acts alleged in the petition occurred in Orleans Parish. Relators maintained that Menesses is domiciled in St. Bernard Parish, Lenfant is domiciled in St. Tammany Parish, Chalmette Refining is domiciled in East Baton Rouge Parish, and that Respondent is domiciled in Jefferson Parish. Relators further submitted that PBF Energy is a foreign limited liability company not authorized to do business in Louisiana, and it has not appointed an agent for service of process. Relators argued that venue was proper for PBF Energy in the parish of Respondent's domicile or where process may be served, pursuant to La. C.C.P. art. 42(5). According to Relators, Respondent attempted, but did not properly serve PBF Energy in East Baton Rouge Parish as required under La. C.C.P. art. 1261.

---

[1] With regard to the exception of prematurity and/or lack of subject matter jurisdiction, Relators contended that the CBA and the remedies provided by that agreement preempt the instant action because Respondent's claims against Relators arise out of the termination of his employment and are inextricably intertwined with the CBA.

3

Thus, Relators argued, the only available venue for Respondent's action against PBF Energy is Jefferson Parish, where Respondent is domiciled.

In support of the exception, Relators submitted several exhibits, including the affidavit of Teresa A. Wilkinson ("Wilkinson"), Director of Jefferson Parish Department of Planning, who attested that 1514 Jefferson Highway is located in "unincorporated Jefferson Parish, Louisiana" and the Sheriff's return, which provides that a "Deputy Sheriff of Jefferson Parish" personally served the citation and petition on Ochsner's registered agent at 1514 Jefferson Highway on September 13, 2022.

In his opposition, Respondent argued that the exception of improper venue must be denied because Ochsner is a domestic corporation and its registered office was located at "1514 Jefferson Highway, New Orleans, Louisiana, 70121," according to the Louisiana Secretary of State and thus Orleans Parish is a proper venue for this lawsuit under La. C.C.P. art. 42(2).[2] Respondent attached the print-out of the Secretary of State's website to the opposition, listing New Orleans, La., as the domicile and mailing address.

The matter came for hearing before the trial court on December 16, 2022, and the trial court denied Relators' exceptions from the bench. The trial court signed a judgment to that effect on January 11, 2023.[3]

---

[2] Respondent further argued that the exception of prematurity/lack of subject matter jurisdiction should be denied because "Orleans Parish Civil District Court has original and general jurisdiction of all matters pertaining to Louisiana law and petitions for damages in excess of the monetary limits adjudicated in Parish, City, or Justice of the Peace courts."

[3] The record shows that Ochsner also filed an exception of improper venue on January 12, 2023, which was pending at the time the instant writ was filed and was set for hearing on March 2, 2023.

Relator filed the instant writ application as an emergency on February 10, 2023. On February 13, 2023, this Court deferred the writ application to a non-emergency panel. The writ application requests a stay of the trial court proceedings.

## DISCUSSION

"Venue means the parish where an action or proceeding may properly be brought and tried under the rules regulating the subject." La. C.C.P. art. 41.

La. C.C.P. art. 42 provides, in relevant part:

The general rules of venue are that an action against:

(1) An individual who is domiciled in the state shall be brought in the parish of his domicile; or if he resides but is not domiciled in the state, in the parish of his residence.

(2) A domestic corporation, a domestic insurer, or a domestic limited liability company shall be brought in the parish where its registered office is located.

....

(4) A foreign corporation or foreign limited liability company licensed to do business in this state shall be brought in the parish where its principal business establishment is located as designated in its application to do business in the state, or, if no such designation is made, then in the parish where its primary place of business in the state is located.

(5) A foreign corporation or a foreign limited liability company not licensed to do business in the state, or a nonresident who has not appointed an agent for the service of process in the manner provided by law, other than a foreign or alien insurer, shall be brought in the parish of the plaintiff's domicile or in a parish where the process may be, and subsequently is, served on the defendant.

The general rules of venue are subject to the exceptions provided by La. C.C.P. arts. 71–85 and as otherwise provided by law. La. C.C.P. art. 43.

La. C.C.P. art. 74 provides, in pertinent part, that "[a]n action for the recovery of damages for an offense or quasi offense may be brought in the parish

where the wrongful conduct occurred, or in the parish where the damages were sustained."

"This Court has held that '[e]xceptions of improper venue are reviewed using the *de novo* standard of review, as venue is a question of law.'" *Bruno v. CDC Auto Transp., Inc.,* 2019-1065, pp. 7-8 (La. App. 4 Cir. 6/3/20), 302 So.3d 8, 12 (quoting *Matthews v. United Fire & Casualty Insurance Company Doctor Pipe, Inc.,* 2016-0389, p. 3 (La. App. 4 Cir. 3/8/17), 213 So.3d 502, 505); *see also French Jordan, Inc. v. Travelers Ins. Co.*, 2007-0007, pp. 2-3 (La. App. 4 Cir. 4/25/07), 958 So.2d 699, 702.

"Evidence may be introduced to support or controvert the declinatory exception of improper venue, when the grounds thereof do not appear from the petition, the citation or return thereon." *Matthews,* 2016-0389, p. 4, 213 So.3d at 505 (quoting *M & M Gaming, Inc. v. Storey*, 2001-0545, p. 3 (La. App. 4 Cir. 5/30/01) 788 So.2d 1230, 1232); *see also* La. C.C.P. art. 930. "If grounds for an objection of improper venue do not appear on the face of plaintiff's petition, the burden is on defendant to offer evidence in support of his position." *Id.* (quoting *Vital v. State*, 522 So.2d 151, 152 (La. App. 4 Cir. 1988)).

Relators argue that the trial court erred in denying the exception of improper venue because Orleans Parish is not proper under La. C.C.P. art. 42 because neither Oschner nor any other party is domiciled in Orleans Parish.

The record shows that Respondent is not domiciled in Orleans Parish. It is undisputed also that Menesses, Lenfant, PBF Energy, and Chalmette Refining are all domiciled outside of Orleans Parish. Moreover, Relators submitted the affidavit of Wilkinson, the Director of Jefferson Parish Department of Planning, which provides that Ochsner's 1514 Jefferson Highway address is located in

"unincorporated Jefferson Parish, Louisiana." Further, the record shows that the Deputy Sheriff of Jefferson Parish personally served the instant citation and petition on Ochsner's registered agent at 1514 Jefferson Highway.

The only evidence Respondent submitted in support of the assertion that Ochsner was domiciled in Orleans Parish was the New Orleans, Louisiana mailing address listed on the Louisiana Secretary of State's website. [4]

Although Ochsner's mailing address with the Louisiana Secretary of State is in New Orleans, based on Wilkinson's affidavit and the Sheriff's return, we find that Relator established that Ochsner is actually domiciled in Jefferson Parish. *See also Williams v. Ochsner Clinic*, 97-2275, p. 1 (La. App. 4 Cir. 10/29/97), 701 So.2d 744, 744 (recognizing that "Ochsner Clinic, a Louisiana partnership, has its principal business establishment in Jefferson Parish, at 1514 Jefferson Highway"). Orleans Parish is therefore not proper venue under La. C.C.P. art. 42.

Further, Orleans Parish is not proper under La. C.C.P. art. 74 because none of the allegations in the petition ties the alleged damages and wrongful conduct to Orleans Parish. Respondent alleged he resides in Jefferson Parish, and with respect to the alleged wrongful conduct, he was fired from his position at Chalmette Refining in St. Bernard Parish. Respondent also alleged that his medical records were improperly accessed at Ochsner Medical Center. Oschner Medical Center shares the same address as Ochsner's registered office at 1514 Jefferson Highway,

---

[4] *See Ruffins v. HAZA Foods of La.*, *LLC*, 2021-619, pp.7-8 (La. App. 5 Cir. 5/25/22), 341 So.3d 1259, 1265 (which involved an exception of prescription but suggested that the "website print out" that listed the address of a business "as being on Clearview Parkway in 'New Orleans'" was insufficient to defeat an exception of prescription and establish the application of the doctrine of *contra non valentem* applied; the defendants did nothing that prevented the plaintiff from conducting further investigation to discover and confirm the appropriate location).

which, as noted above, is in Jefferson Parish, not Orleans Parish.[5]  Accordingly, the trial court erred in denying Relators' exception of improper venue.

## CONCLUSION

For the above stated reasons, the trial court erred in denying the exception of improper venue. As such, the trial court's January 11, 2023 judgment is vacated and the matter is remanded to the trial court for further proceedings. Relators' request for stay is denied.

**WRIT GRANTED; STAY DENIED; JUDGMENT VACATED AND REMANDED**

---

[5] This Court may take judicial notice of governmental websites. *Mendoza v. Mendoza*, 2017-0070, p. 6 (La. App. 4 Cir. 6/6/18), 249 So.3d 67, 71. According to the Louisiana Department of Health's website, Ochsner Medical Center is located at 1514 Jefferson Highway. *See* https://ldh.la.gov/index.cfm/directory/detail/4228/catid/178; *see also Stein v. City of Gretna*, 2017-554, p. 1 (La. App. 5 Cir. 5/30/18), 250 So.3d 330, 333 ("Ochsner Medical Center [is] located on Jefferson Highway").