TRAMPASS PRITCHETT         *       NO. 2024-CA-0032

VERSUS                     *       COURT OF APPEAL

COOPER MARINE &         *       FOURTH CIRCUIT
TIMBERLANDS
CORPORATION            *       STATE OF LOUISIANA

                          *

                          *
* * * * * * *

**BELSOME, J., DISSENTS WITH REASONS.**

I believe that the opinion of the majority is consistent with reported appellate cases from other circuits. However, I disagree with those rulings based on the mandatory language of La. C. C. P. art. 123(B). The pertinent part of the article provides that:

> Upon the contradictory motion of any defendant in a civil case filed in a district court of this state in which a claim or cause of action is, *predicated upon acts or omissions originating outside the territorial boundaries of this state*, when it is shown that there exists a more appropriate forum outside of this state, taking into account the location where the acts giving rise to the action occurred, the convenience of the parties and witnesses, and the interest of justice, the court may dismiss the suit without prejudice; however, no suit in which the plaintiff is domiciled in this state, and which is brought in a court which is otherwise a court of competent jurisdiction and proper venue, shall be dismissed pursuant to this Article. (Emphasis added.)

In Louisiana, *forum non conveniens* is strictly statutory in nature. That differentiates us from common law jurisdictions in which the doctrine grew jurisprudentially. Comments to La. C.C.P. art. 123(B) indicate that the subparagraph defining and limiting the doctrine was added to overcome existing case law holding that Louisiana did not accept the doctrine of *forum non conveniens*. The comment reads as follows:

> Added on the recommendation of the Louisiana State Law Institute to overcome the holding in the case of *Trahan v. Phoenix Ins. Co.,* 200

So.2d 118 (1st 1967) cert. den. 251 La. 47, 202 So.2d 657 (1967); noted 42 Tul.L.Rev. 653 (1967).

Notwithstanding the language of article 123 limiting its territorial effect, courts have consistently de-emphasized the location of the acts and omissions. Instead of treating the phrase, "originating outside the territorial boundaries of this state" as a threshold test, courts have consistently treated the location of relevant acts as one of several factual considerations. (E.g., *Brumley v. Akzona, Inc.,* 2009-0861 (La. App. 4 Cir. 1/13/10), 45 So. 3d 1115, 1117.)

*Brumley* is factually distinguishable from the case presently before us because the decedent in that asbestos-related death case was exposed to the deadly product in multiple jurisdictions besides Louisiana. Therefore, I do not believe that we are bound by the holding in *Brumley*.

In order to honor the directive of the legislative branch and maintain consistency with our civilian heritage, I would reverse the trial court and remand for further proceedings consistent with the language of La. C.C.P. art. 123.